Gary SASSENRATH, et ux.,
Plaintiffs-Appellants,

v.

Henry SASSENRATH, et ux.,
Defendants-Respondents.

No. 45671.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 26, 1983.

Motion For Rehearing/Transfer to Supreme Court Denied Sept. 15, 1983.

Harry Gershenson, Clayton, Walter D. McQuie, Jr., Montgomery City, for plaintiffs-appellants.

Herbert E. Bryant, Clayton, for defendants-respondents.

SNYDER, Judge.

This is an appeal from a judgment of the Circuit Court of Warren County, dismissing appellants' petition for specific performance of an alleged promise by respondents to help construct a house on a parcel of real estate owned by respondents and then to convey a life interest in the property to appellants. The judgment is reversed and remanded.

In September 1976, appellants, Gary and Carolyn Sassenrath, made an oral agreement with Gary's parents, respondents in this action, to construct a house on land owned by respondents. The house was to be built by Gary and his father, both of whom are experienced in carpentry and other construction skills. Respondents agreed to pay for all building materials. No deadline was set for completion of the house.

Work on the house stopped in May, 1978 due to a dispute between the parties. Appellants proposed to hire a contractor to finish the house and sought a deed in fee simple from respondents in order to secure a construction loan. Respondents refused to convey a fee simple interest in the property, but said they would convey a life interest when Gary completed his part of the bargain.

Gary quit working on the house and he and his wife filed suit to impose a constructive trust on the land or to recover in quantum meruit the value of the services Gary had performed. The trial court refused to impose a constructive trust, but awarded appellants damages of $3,500 in quantum meruit.

Appellants appealed that decision to this court which affirmed the trial court. This court held that appellants had failed to prove that respondents had breached the alleged oral agreement to convey; that the trial court in the earlier case may have found there was no breach because Gary had failed to complete construction of the house. *Sassenrath v. Sassenrath,* 624 S.W.2d 77, 78 (Mo.App.1981) (Sassenrath I).

Appellants have now brought a second suit against respondents seeking completion of construction and a life interest for themselves. The trial court has dismissed the petition and appellants seek review of that dismissal.

On this appeal, *Sassenrath II,* appellants contend their lawsuit should not have been

dismissed because their petition states a cause of action and because this court's earlier decision in *Sassenrath I* does not bar the present action. This court agrees.

"Traditionally, res judicata (claim preclusion) precludes the same parties or their privities from relitigating the same cause of action ..." *American Polled Hereford Association v. City of Kansas City,* 626 S.W.2d 237, 241[3, 4] (Mo.1982).

*Sassenrath I* held that the oral agreement was that appellants would help respondents build the house and respondents would convey a life estate to appellants. Respondents at that time stood ready, willing and able to complete the house and to convey a life estate; therefore, this court held that appellants had proved no breach of the oral agreement to convey.

*Sassenrath I* made particular mention of the court's view of the res judicata effect of the opinion:

> We wish to note that, in our view, after final disposition of this case on appeal the only matter that will be res judicata will be whether there has been a breach of the oral agreement up to this point. If, for example, the house is completed with Gary's help and his parents refuse to convey the property to him for life, he will not be foreclosed from bringing suit for a constructive trust at that point.

624 S.W.2d at 80, fn. 2.

Appellants' petition in *Sassenrath II* alleges that respondents have failed to convey a life estate. Although the petition admits that the house has not been completed, the petition asserts that appellants have been prepared to finish the house in accordance with agreement, but that respondents have failed to complete the house or to allow appellants to complete it.

At first glance it seems that *Sassenrath II* is predicated on the same cause of action as that ruled on in *Sassenrath I:* a breach of contract action seeking to impose a constructive trust on an improved parcel of real estate. *Sassenrath I,* however, limited itself to a determination that, as of the date of the opinion, respondents had not broken their promise; and the court specifically declared that appellants were not foreclosed from bringing suit for a constructive trust in the future.

The petition in *Sassenrath II* contains no averment of the period of time during which respondents are alleged to have breached the agreement. The question is whether the petition may be construed as alleging appellants' tender of performance and respondents' breach of the contract in the interim between the date of *Sassenrath I* and the date the petition was filed in *Sassenrath II.* If so, then appellants' cause of action is not precluded by *Sassenrath I.*

"In reviewing the dismissal of a petition for failure to state a claim; we construe the petition favorably and grant the petitioner every reasonable intendment in view of the facts alleged." *Heitman v. Brown Group, Inc.,* 638 S.W.2d 316, 318[1, 2] (Mo.App. 1982). Although the present case involves a question of res judicata rather than the usual question of whether the petition invokes principles of substantive law, the same principle of construction of the petition should be applied.

▪ Whether a petition is subject to dismissal because it is *res judicata* or because it fails initially to invoke principles of substantive law makes no difference; in either case the petition would fail to state a claim upon which relief could be granted. Therefore, a petition should be construed as liberally in favor of the petitioner when the motion to dismiss is based upon *res judicata* as when the motion to dismiss alleges that the petition fails to invoke principles of substantive law. See *Hall v. Smith,* 355 S.W.2d 52 (Mo.1962).

▪ In addition, a petition speaks from the date of its filing. *Odom v. Langston,* 351 Mo. 609, 173 S.W.2d 826, 829[2–5] (1943). Thus, appellants' petition alleges that, as of the date it was filed, October 20, 1981, respondents have refused to perform their part of the bargain.

If respondents had not performed as of the filing date of the petition, then their non-performance, and appellants' offer to

comply with the contract, had to occur in part after *Sassenrath I*. Thus, liberally construed, appellants' petition alleges respondents' breach of the contract between *Sassenrath I* and the filing date of the petition in *Sassenrath II*.

The final issue is whether appellants' petition states a cause of action for breach of contract. *Sassenrath I* held that one of the conditions of respondents' duty to convey a life estate was completion of the house. The petition in *Sassenrath II* admits non-completion of the house. However, the petition also alleges that the non-completion was due to respondents' unwillingness to complete the house or allow appellants to complete it.

■ Where a defendant prevents the performance of a condition of a contract, the condition is excused. See *Schulte Transportation Co. v. Hewitt*, 299 S.W.2d 568, 573[4] (Mo.App.1957). "Prevention eliminates the condition ..." 3A Corbin on Contracts § 767 (1960).

■ In determining whether the petition states a cause of action, this court must assume the truth of the allegations that respondents have prevented completion of construction of the house and have failed to convey the promised life estate. Therefore, the petition states a cause of action for breach of contract.

In *Sassenrath I* this court affirmed a trial court judgment for $3,500 in favor of appellants based on the reasonable value of appellant Gary Sassenrath's services in the construction of the house. The $3,500 has been paid into the registry of the court in satisfaction of the judgment. Upon remand, if judgment should be in favor of the appellants, the trial court may want to consider the prior judgment in determining the equities of its ruling.

The judgment is reversed and the cause remanded.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.