**Linda MORRISON, Appellant,**

v.

**Jack SIMPSON, Respondent.**

**No. 50025.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

June 24, 1986.

**59**

Wickersham & Merryman, Steven K. Wickersham, Kansas City, for appellant.

Marion F. Wasinger, Hannibal, for respondent.

CRIST, Judge.

Plaintiff Linda Morrison (wife) appeals from the dismissal of her wrongful death action against defendant Jack Simpson on the ground the action was barred by application of the doctrine of collateral estoppel. We affirm.

On October 16, 1981, wife's husband Lloyd Morrison (decedent) was struck and killed by an automobile driven by Michael Harrison (driver), who had been drinking at the Pine Springs Restaurant and Lounge. A wrongful death action was filed against Jack Simpson, Contractor, Inc., a corporation doing business as the Pine Springs Restaurant and Lounge, under the cause of action recognized in, *e.g., Carver v. Schafer,* 647 S.W.2d 570 (Mo.App.1983) [abrogated by legislation, Sec. 537.053, RSMo (Supp.1985)]. This cause was tried to the court, which found:

> That the defendant is liable to the plaintiff due to the negligence of the defendant's agents and employees in serving intoxicating beverages to one Michael E. Harrison after he was already obviously, actually and apparently intoxicated and that said Michael E. Harrison thereafter operated the motor vehicle which struck and killed Lloyd W. Morrison, husband of the plaintiff.

Judgment was entered against Jack Simpson, Contractor, Inc., in the amount of $499,375, which is apparently unsatisfied.

Wife then, on October 11, 1984, filed the present action against Jack Simpson individually, alleging Simpson, acting through his agents and employees, "cause [sic], allowed and permitted" driver, who was already intoxicated, to consume further intoxicants and thus caused the accident which killed decedent. Defendant Simpson moved to dismiss on the ground, *inter alia,* the action was barred by collateral estoppel. The motion was granted and wife appeals.

■ Wife alleges that doctrine of *res judicata* does not apply to bar this action. We agree. *Res judicata* applies to preclude the parties or their privies from relitigation of the same cause of action. *Eugene Alper Const. Co., Inc. v. Joe Garavelli's,* 655 S.W.2d 132, 136 (Mo.App.1983). There is no allegation Jack Simpson is the same as, or is in privity with, Jack Simpson, Contractor, Inc., the party in the first action. Therefore, the doctrine of *res judicata* does not apply.

■ However, the doctrine of collateral estoppel does apply to bar this action. This doctrine bars the relitigation of an issue of fact or law, necessary to the judgment in one action, in a suit upon a different cause of action which involves a party to the first action. *Bi-State Development Agency v. Whelan Security Co.,* 679 S.W.2d 332, 335

**60**

[1] (Mo.App.1984). Several factors must be considered in determining whether to apply collateral estoppel:

(1) Was the issue presented in the prior adjudication identical with the issue in the issue in the present action?

(2) Did the prior adjudication result in a judgment on the merits?

(3) Was the party against whom estoppel was asserted a party or in privity with a party to the prior adjudication?

(4) Did that party have a fair and full opportunity to litigate the issue into prior suit?

*State ex rel. O'Blennis v. Adolf,* 691 S.W.2d 498, 501 [5] (Mo.App.1985).

We construe wife's petition in this action liberally in her favor. *Sassenrath v. Sassenrath,* 657 S.W.2d 671, 673 [1] (Mo.App. 1983). In essence, the petition alleges the individual Jack Simpson, acting at all relevant times "by and through his agents, servants, and employees" operated the bar in question. Her petition in the first action alleged the corporate defendant did business as the bar, or, alternatively, owned or leased the premises where the bar was operating. The judgment in the first action specifically recites the corporate defendant was liable due to the negligence of its agents and employees in serving intoxicants to the driver.

It is clear a major issue in this case is to whom to attribute the acts of those serving the intoxicants. However, the identical issue was litigated in the prior action, where it was decided those who served the intoxicants were the agents and employees of the corporation. A contrary determination would be, at best, inconsistent. *See Brannaker v. TransAmerican Freight Lines, Inc.,* 428 S.W.2d 524, 533 [8] (Mo.1968). Therefore, the identical issue is presented in the two cases, and the first condition for the application of the doctrine of collateral estoppel is satisfied. *See e.g. Schneeberger v. Hoette Concrete Const. Co.,* 680 S.W.2d 301, 303–04 (Mo.App.1984).

The remaining factors need not detain us long. In the prior action, the trial court heard the case on the merits and returned a substantial judgment in favor of wife, who therefore was obviously a party to the prior adjudication. Finally, wife's incentive to fully litigate the question in the prior action cannot be doubted. A determination on that issue was necessary for her to recover in the first action. Her motive to fully litigate the issue in that first action is apparent, notwithstanding the fact that litigation may be inconvenient to her at this juncture. *See O'Blennis, supra.*

Therefore, the doctrine of collateral estoppel applies to bar the wrongful death action in this case. The judgment is affirmed.

DOWD, P.J., and CRANDALL, J., concur.