Gary SASSENRATH and Carolyn Sassenrath, Plaintiffs–Appellants,

v.

Henry L. SASSENRATH and Helen M. Sassenrath, Defendants–Respondents.

No. 52711.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 15, 1988.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
April 15, 1988.

Application to Transfer Denied
June 14, 1988.

Harry Gershenson, St. Louis, for plaintiffs-appellants.

Stephen M. Hereford, St. Louis, for defendants-respondents.

DOWD, Judge.

Plaintiffs Gary and Carolyn Sassenrath appeal from the judgment of the trial court entered in favor of defendants finding plaintiffs are not entitled to a constructive trust being imposed on defendants' property because of plaintiffs' breach of the agreement without just cause. We affirm the trial court's judgment.

The facts leading up to this dispute are as follows. Plaintiffs entered into an oral agreement with plaintiff Gary Sassenrath's parents, defendants in this case, in September 1976. The agreement provided defendants would pay for all building materials and furnish the tract of land and the house would be built by Gary Sassenrath and his father, both of whom are experienced in carpentry and construction skills. The agreement included no set date for the completion of the house.

After a dispute between Gary Sassenrath and his father in May 1978, Gary ceased working on the house and requested his parents to convey a deed in fee simple interest to him in order to secure a construction loan. His parents refused to convey the property to him, but offered to convey a life estate interest to him if he completed his part of the bargain in the oral agreement.

Litigation of this matter originated when plaintiffs filed suit to impose a constructive trust on the property or to recover in quantum meruit the value of the services rendered by Gary Sassenrath. The trial court refused to impose a constructive trust on the property because of its finding that there was no agreement to convey the property in fee simple title. The trial court, however, awarded plaintiffs $3,500.00 in quantum meruit.

On appeal to this court, we affirmed the trial court's judgment in *Sassenrath v. Sassenrath*, 624 S.W.2d 77, 78 (Mo.App. 1981) [hereinafter cited as *Sassenrath* I], by finding plaintiffs had failed to prove that defendants had breached the alleged oral agreement to convey the property in fee simple.

Plaintiffs filed a second suit against defendants. In this case, plaintiffs sought

specific performance of an alleged promise by defendants to help complete the construction of the house and conveyance of a life interest in the property for themselves. The trial court dismissed plaintiffs' petition and plaintiffs appealed the trial court's dismissal. On appeal to this court, we reversed and remanded the trial court's judgment in *Sassenrath v. Sassenrath*, 657 S.W.2d 671, 672–73 (Mo.App.1983) [hereinafter cited as *Sassenrath* II] by finding their petition stated a cause of action based on breach of contract, and the action was not barred by res judicata.

Plaintiffs have now brought a third suit against defendants seeking enforcement of a constructive trust on defendants' property. The trial court refused to impose a constructive trust because of its finding plaintiffs breached the oral agreement between the parties without just cause.

On this appeal, plaintiffs contend the trial court's judgment, based on its finding plaintiffs breached the agreement in May 1978, was erroneous, because defendants are collaterally estopped from raising this issue as a result of their not raising this issue in their pleadings and not alleging this defense at a former trial of the same issues between the parties. Plaintiffs also claim the earlier trial court's award on a quantum meruit theory in *Sassenrath* I included a tacit finding that plaintiffs had not breached the agreement as of April 17, 1979. This court disagrees with plaintiffs' contentions.

■ The purpose of collateral estoppel is to preclude relitigation of an issue which has been determined in a prior adjudication. *Consumers Oil Co. v. Spiking*, 717 S.W.2d 245, 248 (Mo.App.1986). Collateral estoppel precludes a party from relitigating an issue decided in a prior suit when the following holds true:

(1) the issue decided was identical to the issue sought to be litigated, (2) the prior adjudication resulted in a judgment on the merits, (3) the party was a party to the prior adjudication, and (4) the party had a full and fair opportunity to litigate the issue in the prior suit.

*Baker v. McCoy*, 739 F.2d 381, 384 (8th Cir.1984). Applying this test to the facts of the present case, we conclude collateral estoppel is not appropriate in this case because in the earlier adjudications the issue was never actually litigated.

The court in *Sassenrath* I found plaintiffs not to be entitled to a fee simple estate. The nature of the estate promised in the oral agreement was found not to be fee simple and so defendants' failure to convey a deed in fee simple was not a repudiation of the oral agreement between the parties. The court in *Sassenrath* I further explained: "We wish to note that, in our view, after final disposition of this case on appeal the only matter that will be res judicata will be whether there has been a breach of the oral agreement up to this point." *Sassenrath* I, *supra*, at 81 n. 2. The court limited its decision to a determination that, as of the date of the opinion, defendants had not broken their promise, and consequently, plaintiffs were not entitled to have a constructive trust imposed upon the property. In *Sassenrath* II, the issue on appeal was whether plaintiffs' petition may be construed as alleging plaintiffs' tender of performance and defendants' breach of the agreement in the period of time between the date of *Sassenrath* I and the filing date of the petition in *Sassenrath* II. The court in *Sassenrath* II found plaintiffs' petition stated a cause of action for breach of contract and the court's earlier decision did not bar the present action.

Plaintiffs next contend the trial court's judgment, based on its finding plaintiffs breached the agreement in May 1978, was erroneous because defendants are collaterally estopped from raising this issue as a result of their not raising this issue in their pleadings and not alleging this defense at a former trial of the same issues between the parties. Plaintiffs argue the earlier trial court's award on a quantum meruit theory in *Sassenrath* I supports this contention, because the trial court's decision included a tacit finding that plaintiffs had not breached the agreement as of April 17, 1979.

No matter if the trial court erred by finding plaintiffs breached the oral agreement in May 1978, the judgment reached by the trial court is correct because plaintiffs have not overcome their evidentiary burden to establish the necessary factors for the imposition of a constructive trust on the property. The court should impose a constructive trust on the property in favor of plaintiffs in this case only if plaintiffs established an extraordinary degree of proof, and this must be so clear, cogent and convincing as to exclude all reasonable doubt from the mind of the court. *March v. Gerstenschlager*, 436 S.W.2d 6, 8 (Mo. 1969). A preponderance of the evidence is not sufficient to overcome the great burden. *Id.*

"[A] constructive trust is the method or formula used by a court of equity as a means of effecting restitution or of rectifying a situation where, as the result of the violation of confidence or faith reposed in another, ... the plaintiff, who seeks the aid of equity, has been wrongfully deprived of, or has lost some title, ...." *Suhre v. Busch*, 343 Mo. 679, 123 S.W.2d 8, 15 (1938). To establish a constructive trust, no proof of fraud is necessary if a fiduciary relationship exists between the alleged trustee and the beneficiary. *Mahler v. Tieman*, 550 S.W.2d 623, 628 (Mo.App.1977). The breach of a confidential relationship by itself constitutes constructive fraud. *Id.* The record in this case indicates the existence of a confidential relationship, but the trial court found no breach of this relationship on the part of defendants. Plaintiffs were unable to carry their heavy burden and persuade the trial court defendants breached the confidential relationship. The record reveals the trial court did not erroneously declare or apply the law, and therefore, we will not disturb its ruling regarding the constructive trust. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Plaintiffs' contention that the trial court's decision in *Sassenrath I* to award $3,500.00 on a quantum meruit theory included a tacit finding that plaintiffs had not breached the agreement as of April 17, 1979, is without merit. Plaintiffs' argu-

ment they would be unable to recover in quantum meruit if they breached a valid and subsisting contract is in contravention of the law in Missouri. The general rule is "that the defaulting party may recover in quantum meruit the reasonable value of his services less any damages which the non-defaulting party has suffered by reason of the default." *F.C. Preuitt Const. Co., Inc. v. Doty*, 536 S.W.2d 908, 915 (Mo.App. 1976). The courts' objective in a breach of construction contract situation is to allow the defaulting party to be compensated for the reasonable value of his work and materials. Based upon the application of this rule, the trial court in *Sassenrath I* properly awarded plaintiffs $3,500.00 for their services which was affirmed on appeal. Point two is denied.

Plaintiffs' last contention alleges the trial court erred by not entering a judgment in favor of plaintiffs because a reasonable time for completion of the house had passed, and defendants refused to complete or permit plaintiffs to complete the construction of the house. In support of their contention, plaintiffs argue defendants never responded to three written demands to complete the house or to permit plaintiffs to complete the house.

Plaintiffs argue since no time for performance was ever agreed upon by the parties, the law implies the contract will be performed within a reasonable time. The trial court in its findings of fact noted the only demands made by plaintiffs to finish the house were in three letters dated two years after this suit was filed. The court construed these letters as being part of settlement negotiations, not as a serious effort by plaintiffs to complete construction of the house. Moreover, plaintiffs have not communicated with defendants since May 1978 and have not worked on the house since that time. None of the prior judgments ever included a finding of defendants failing to perform their part of the oral agreement or preventing plaintiffs from completing their part of the agreement. Our scope of review is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), and under this standard of re-

view, we find the trial court did not err by entering a judgment in favor of defendants. Point three is denied.

For the foregoing reasons, we affirm the judgment of the trial court.

STEPHAN, P.J., and PUDLOWSKI, J., concur.