STATE of Missouri ex rel., AGRI–TRANS CORPORATION, Relator,

v.

The Honorable Margaret NOLAN, Circuit Judge, Division I, Circuit Court of the County of St. Louis, Missouri, Respondent.

No. 54595.

Missouri Court of Appeals, Eastern District, Writ Division Six.

Aug. 23, 1988.

Raymond L. Massey, Nicholas J. Lamb, St. Louis, for relator.

Robert R. Schwarz, St. Louis, for respondent.

GRIMM, Judge.

Relator seeks a writ of prohibition against respondent judge to prohibit further litigation in the underlying action. Finding that the doctrine of res judicata (claim preclusion) is applicable, we grant the writ by making our preliminary order in prohibition permanent.

The procedural history of the underlying case began when Ernest C. Riley filed his original complaint against Agri–Trans Corporation (ATC) in the United States District Court for the Eastern District of Missouri on February 19, 1986. Federal jurisdiction was based on diversity of citizenship. Riley alleged that he was injured on January 15, 1982, on ATC's barge "attached to the Missouri bank."

ATC filed a motion to dismiss, accompanied by affidavit, alleging that the district court lacked subject matter jurisdiction due to lack of complete diversity. Faced with the prospect of that complaint being dismissed, Riley filed "Plaintiff's Memorandum in Opposition of Defendant's Motion to Dismiss." In that memorandum, Riley stated that the complaint not only was based on diversity, but "on its face shows that the cause of action is also a pure maritime action" and falls "within the jurisdiction of this [court], under § 28 U.S.C. 1333." Riley sought leave to file an amended complaint and "that the case be tried as a pure maritime case to the Court." Leave to file the amended complaint was granted.

In his amended complaint, Riley no longer alleged diversity of citizenship. Rather, he alleged "jurisdiction on the basis of this is a maritime tort under § 28 U.S.C., paragraph 1333." Riley no longer alleged that the barge was "attached to the Missouri bank." Rather, he alleged that ATC "maintained offices on a barge in the Mississippi River, a navigable stream;" and that Riley had been invited on the barge to do repair work. The rest of the amended complaint was basically the same as that contained in the original complaint.

ATC then filed a motion for summary judgment. In that motion, it alleged that Riley's claimed maritime tort was barred by the three-year statute of limitations, citing 46 U.S.C.App. § 763a.

Eleven days later, Riley sought to dismiss his claim and filed a motion to dismiss without prejudice. ATC objected due to the pendency of its motion for summary

judgment, to which Riley had not yet responded. Thereafter, the district court denied Riley's motion to dismiss and ordered that "absent good cause shown on or before September 2, 1986, defendant's motion for summary judgment ... will be granted."

In an order dated September 15, the district court noted that Riley had "not shown good cause or otherwise responded to the Court's order, and has not responded to defendant's motion." The district court found that Riley's claim based upon a maritime tort was untimely due to a three-year statute of limitations. The court then granted defendant's motion for summary judgment and dismissed the action with prejudice. This order was not appealed.

A week later, Riley filed his petition against ATC in the Circuit Court of St. Louis County. All of the basic allegations from the original February 19 federal complaint were incorporated in this petition. The allegations from the amended complaint concerning a maritime tort were not included.

In response, ATC filed a motion to dismiss, in part on the basis that the action was barred by the district court judgment. The respondent overruled the motion. Relator seeks our writ of prohibition to command respondent, the Honorable Margaret Nolan, to refrain from further proceeding in the underlying case pending before her.

■ Prohibition is generally the appropriate remedy to forestall unwarranted, useless litigation. *State ex rel. O'Blennis v. Adolf,* 691 S.W.2d 498, 500 (Mo.App.E.D. 1985). The issue before the trial court and us is solely a matter of law. Based on the pleadings, we conclude that prohibition is an available remedy.

The respondent judge overruled ATC's motion to dismiss "on the ground that the federal court lacked jurisdiction in the original suit brought there by plaintiff." Thus, consideration must first be given as to whether the federal court had jurisdiction in the original suit. If so, and we find that it did, then the question presented for determination is whether the granting of the summary judgment by the federal court,

which dismissed Riley's claim with prejudice, precludes a second claim for the same injury in state court.

A lack of jurisdiction can be either as to the parties or as to the subject matter. Although respondent's order did not specify which type of jurisdiction was lacking, respondent's answer and brief each clearly indicate that the order was based on lack of subject matter jurisdiction. Subject matter jurisdiction refers to the type or kind of a controversy a court may adjudicate. Federal courts ordinarily have power to make binding determinations of their own subject matter jurisdiction. *Stoll v. Gottlieb,* 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938).

The Constitution of the United States, Article III, § 2, provides that the judicial power of the United States extends "to all cases of admiralty and maritime jurisdiction." The federal district courts have original jurisdiction of all civil cases of admiralty or maritime jurisdiction. 28 U.S.C.A. § 1333(1). It is clear that the district court had general subject matter jurisdiction of Riley's amended complaint if it invoked maritime jurisdiction.

If a claim can be within the federal court's admiralty and maritime jurisdiction, and also be in federal court on some other jurisdictional basis, a specific statement is required to bring the action as an admiralty or maritime claim. Rule 9(h), Fed.R.Civ.P. If the claim, however, is cognizable only in admiralty, it is such a claim whether so identified or not. Riley's allegation that his claim was "a maritime tort under § 28 U.S.C. paragraph 1333" was sufficient to allow the claim to be considered an admiralty or maritime claim. *Romero v. Bethlehem Steel Corporation,* 515 F.2d 1249, 1252 (5th Cir.1975) and 2A Moore's Federal Practice, § 9.09.

■ Respondent argues that the federal court did not determine whether it had jurisdiction, made no finding of subject matter jurisdiction, and "its order is null and void for lack of subject matter jurisdiction." An express determination or finding of subject matter jurisdiction, however, is not required to preclude a collateral attack

on lack of that jurisdiction. In *Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940), the Supreme Court said "[a] court has the authority to pass upon its own jurisdiction and its decree sustaining jurisdiction against attack, while open to direct review, is res judicata in a collateral action." 308 U.S. at 377, 60 S.Ct. at 320. Commenting on the *Chicot* case, Professors C. Wright, A. Miller, and E. Cooper say that the case holds "that a party who does not actually contest the court's subject matter jurisdiction also will be bound by the judgment. This is in accord with the general rule that res judicata applies not only to matters actually litigated but also to all other matters that might have been presented to sustain or defeat the right asserted in an earlier proceeding." Wright, Miller, and Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3536.

Riley also argues that his amended complaint in federal court showed on its "face that there was no maritime jurisdiction and the facts as pleaded never claimed or stated that the premises on which the occurrence happened was ... 'a vessel in navigation'." In support, Riley cites *Evansville & Bowling Green Packet Co. v. Chero Cola Bottling Co.*, 271 U.S. 19, 46 S.Ct. 379, 70 L.Ed. 805 (1926); *Peytavin v. Government Employees Ins. Co.*, 453 F.2d 1121 (5th Cir.1972); and *Clinton Board of Park Comm. v. Claussen*, 410 F.Supp. 320 (S.D.Ia.1976).

There are several problems with Riley's contention. In federal court, in his memorandum opposing the motion to dismiss, Riley said his original complaint "on its face shows that the cause of action is also a pure maritime action, the tort having occurred on the navigable waters of the Mississippi River." A similar representation is made later in the same memorandum, and it concludes with a prayer that "the case be tried as a pure maritime case." And, in his amended complaint, Riley alleged "jurisdiction on the basis of this is a maritime tort." Having made these representations, Riley is in no position to complain that the federal district court relied on them to determine its jurisdiction.

Further, the federal court afforded Riley an opportunity to contest the motion for summary judgment. In its August 26 order, the court "ordered that, absent good cause shown on or before September 2, 1986," defendant's motion for summary judgment would be sustained. Thus, Riley had from August 26 to September 2 to take action. The federal court noted in its September 15 order, however, that as of that date, Riley had neither responded to the Court's order or shown good cause.

Also, none of the three cases cited by Riley hold that a complaint similar to Riley's amended complaint was insufficient to state a maritime cause of action. Rather, *Evansville* involved a finding after trial that a certain structure was not a vessel, thus not bringing the claim within admiralty jurisdiction; *Peytavin* involved a finding after a hearing that a floating pontoon at a ferry landing was insufficient to establish admiralty jurisdiction; and *Clinton* held that accepting the plaintiff's allegations as true in considering a motion to dismiss, they were insufficient to limit the liability of owners of a converted showboat in a non-maritime related drowning death by invoking admiralty jurisdiction.

Finally, Fed.R.Civ.P. 8(a) only requires that a complaint contain: (1) a short and plain statement of the ground upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment. And in admiralty and maritime cases, the Supreme Court recognized "the ancient admiralty teaching" that "The rules of pleading in the admiralty are exceedingly simple and free from technical requirements." *Archawski v. Hanioti*, 350 U.S. 532, 533, 76 S.Ct. 617, 619, 100 L.Ed. 676, 679 (1956). We conclude that the amended complaint was sufficient to invoke the federal court's maritime jurisdiction.

■ Having found that the federal court judgment is not subject to collateral attack, does that judgment operate to preclude Riley's claim before respondent? Respondent answers in the negative, relying on

*Morrison v. Simpson,* 712 S.W.2d 58 (Mo. App.E.D.1986). In *Morrison,* this court stated that the doctrine of res judicata applies to preclude the parties or their privies from relitigation of the same cause of action. It found that that doctrine did not apply in *Morrison* because the parties were not the same. The court then found that the doctrine of collateral estoppel applied and discussed the factors necessary to apply collateral estoppel. *Morrison* does not apply here because the same parties that were in the federal court action are in the state court action. Instead of collateral estoppel, the application of the doctrine of res judicata (claim preclusion) must be considered.

In *Eugene Alper Construction Co. v. Joe Garavelli's,* 655 S.W.2d 132, 136 (Mo. App.E.D.1983), this court said "that four concurring elements must be found to support res judicata (claim preclusion). These are:

(a) the identity of the thing sued for;
(b) the identity of the cause of action;
(c) the identity of the person or parties to the cause of action, and;
(d) the identity of the quality of the person for or against whom a claim is made."

Applying these elements here, we note that the identity of the thing sued for, i.e. money damages for past and future lost wages, past and future medical expenses, and pain and suffering, is the same.

The identity of the cause of action (now referred to in Rule 55.05 and Fed.R.Civ.P. 8 as "claim for relief") is the same. The incident that occurred on January 15, 1982, wherein Riley claims he received injuries as a result of ATC's negligence, is the same incident in both petitions. Whether that claim for relief is denominated a maritime tort or a state tort is immaterial; it is a tort and is the same claim for relief.

This is in accordance with the modern concept of a "claim" as distinguished from the concept of "cause of action" under the Codes of Civil Procedure. The modern test of a "claim," as embodied in the Federal and Missouri Rules of Civil Procedure, is whether the "claims" arise out of the "same act, contract, or transaction." *Mullen v. General Motors Corp.,* 640 S.W.2d 144, 145 (Mo.App.W.D.1982). The term "transaction" is broadly construed to include all of the facts and circumstances which constitute the foundation of a claim. *State ex rel. Farmers Ins. Co., Inc. v. Murphy,* 518 S.W.2d 655, 660 (Mo. banc 1975). The two theories pleaded here are within the same transaction.

As to the last two elements described in *Alper,* there is no dispute. Riley and ATC were the parties in the federal court case and are the parties in the pending state court action. Thus, all four elements exist and therefore res judicata (claim preclusion) is applicable.

The preliminary order is made permanent and respondent is directed to take no further action in the underlying case other than to dismiss it.

SIMEONE, and CARL R. GAERTNER, JJ., concur.