**Josephine ANDES, Appellant,**

v.

**PADEN, WELCH, MARTIN & ALBANO, P.C., Robert L. Trout, Respondents.**

**No. WD 49359.**

Missouri Court of Appeals, Western District.

Feb. 14, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 28, 1995.

Application to Transfer Denied May 30, 1995.

**20**

David Greis, Kansas City, for appellant.

Michael W. Manners, Independence, David Holdsworth, Liberty, for respondents.

Before HANNA, P.J., and BRECKENRIDGE and SMART, JJ.

HANNA, Presiding Judge.

Plaintiff Josephine Andes filed a lawsuit for personal injuries arising out of the wiretapping of her home during 1984. The plaintiff claims the wiretap occurred while her divorce was pending against her former husband, John W. Frick. She originally named eight defendants in the suit, but voluntarily dismissed several of them from the case. Eventually, four defendants were dismissed by the trial judge on a motion for summary judgment. The Supreme Court affirmed the dismissal of those defendants in *Andes v. Albano*, 853 S.W.2d 936 (Mo. banc 1993). The case was remanded to the court for further disposition and, on March 14, 1994, the trial judge granted summary judgment in favor of the defendant law firm and defendant Trout. This appeal followed.

One issue raised in this appeal concerns the trial court's discretion in permitting the defendants to amend their answer to include the defenses of *res judicata* and the doctrine against claim splitting. Additionally, since the summary judgment was sustained upon the grounds of *res judicata* and claim splitting, the final two points address the propriety of that ruling.

In her first point, the plaintiff complains that the trial court abused its discretion in permitting the defendants to amend their answers to include the affirmative defenses of *res judicata* and the doctrine against claim splitting. Plaintiff claims that the "bare assertion, unsupported by affidavits or other evidence" that the defendants were unaware of the defense or that it was not available to them before the filing of their motions to amend was an insufficient basis for granting leave to amend.

■ The issue is not whether a party is able to substantiate the basis for its amendment. Rather the trial court, in allowing the amendment of a pleading, is granted discretion which will not be disturbed on appeal unless its decision is an obvious and palpable abuse of that discretion. *Kenley v. J.E. Jones Constr. Co.*, 870 S.W.2d 494, 498 (Mo. App.1994). The plaintiff has failed to show any abuse of the trial court's discretion in allowing the amendment and has argued no prejudice resulting to the plaintiff as a result of the trial court's granting leave to file the amended pleading. Point denied.

■ The plaintiff next complains that the trial court erred in granting defendants' motion for summary judgment on the basis of the doctrine of *res judicata*. Defendants filed their original motions to dismiss in the trial court on June 16, 1989. There was no action pending against them at that time in federal court. On November 30, 1989, the plaintiff sued attorney Albano and others, including the two defendants involved in this appeal, in the United States District Court

for the Western District of Missouri in *Andes v. Frick,* case number 89–1119–CV–W–6. It is agreed that the complaint in that case arose out of the same transaction or series of events alleged in the plaintiff's petition in the state court, i.e., the interception of plaintiff's telephone calls via an allegedly illegal wiretap, which occurred between April and December of 1984. In the case before the federal district court, the defendants filed motions to dismiss which Judge Sachs granted on March 28, 1990, on the grounds that suit had not been filed within the two year statute of limitations contained in the Federal Wiretap Act, 18 U.S.C. § 2520(e). The plaintiff appealed that order to the Eighth Circuit Court of Appeals and, on September 10, 1990, that court affirmed the trial judge's dismissal. *Andes v. Frick,* 915 F.2d 1579 (8th Cir.1990).

The issue in this case is whether the dismissal entered by Judge Sachs, based on the applicable statute of limitations, operates as *res judicata* to bar the subsequent state court action.[1]

■ *Res judicata* is based on the principle that a party should not be allowed to litigate a claim and then, after an adverse judgment, seek to relitigate the identical claim in a second proceeding. *State ex rel. Shea v. Bossola,* 827 S.W.2d 722, 723 (Mo. App.1992). The doctrine of *res judicata* provides:

> [W]here two actions are on the same cause of action, the earlier judgment is conclusive not only as to matters actually determined in the prior action, but also as to other matters which could properly have been raised and determined therein.

*Terre Du Lac Ass'n v. Terre Du Lac, Inc.,* 737 S.W.2d 206, 212 (Mo.App.1987).

■ In order for a judgment to operate as a bar to subsequent proceedings, the judgment must have been on the merits. *Heagerty v. Hawkins,* 173 S.W.2d 923, 926 (Mo.

1943). Therefore, the threshold issue presented here is whether the federal dismissal based on the statute of limitations is a judgment "on the merits" for *res judicata* purposes. The plaintiff, citing the decisions of other state courts, argues that a statute of limitations dismissal is procedural rather than substantive in nature and, therefore, should not be considered "on the merits."

The defendants, on the other hand, argue that this question was answered by *State ex rel. Agri–Trans Corp. v. Nolan,* 756 S.W.2d 203 (Mo.App.1988). In *Agri–Trans,* the plaintiff originally filed a personal injury action against the defendant in the United States District Court for the Eastern District of Missouri, alleging jurisdiction based on diversity. *Id.* at 204. Plaintiff subsequently amended his petition to allege federal maritime jurisdiction based on a federal statute, 28 U.S.C. § 1333. *Id.* The trial court dismissed the action on the grounds that it was barred by the applicable three-year statute of limitations. *Id.* at 205. A week later, the plaintiff filed a petition in the Circuit Court of St. Louis County which contained the same allegations as his previous petition. *Id.* The appellate court held that the prior federal court dismissal operated as *res judicata* to bar the state case. *Id.* at 207. Although the court in *Agri–Trans* did not discuss whether the federal dismissal was "on the merits," the defendants argue that it was implicit in the court's ruling that a dismissal based on a federal statute of limitations is considered to be on the merits. However, the issue merits a more thorough analysis.

■ The cases which are cited by the plaintiff are decisions rendered by other state courts and involve the application of state law. However, as stated in Restatement (Second) of Judgments § 87 (1982), "Federal law determines the effects under the rules of res judicata of a judgment of a federal court." *See also Cemer v. Marathon Oil Co.,* 583 F.2d 830, 831–32 (6th Cir.1978).

---

1. The state suit was originally filed on April 4, 1989. Even though it was filed before the federal suit, the state suit must be considered the "subsequent suit" because the federal court first entered a decision on the case. As stated in Restatement (Second) of Judgments § 14 (1982), "For purposes of res judicata, the effective date of a final judgment is the date of its rendition, without regard to the date of commencement of the action in which it is rendered or the action in which it is to be given effect." *See also Drake v. Kansas City Pub. Serv. Co.,* 226 Mo.App. 365, 41 S.W.2d 1066, 1067 (1931).

Therefore, to determine the scope of *res judicata* in a particular jurisdiction, "it is essential to consult the relevant statutes and rules of court in that jurisdiction." *Muza v. Missouri Dep't of Social Servs.*, 769 S.W.2d 168, 175 (Mo.App.1989).

Since we are concerned with the preclusive effect of a federal dismissal, we first look to the Federal Rules of Civil Procedure. The applicable rule is Rule 41(b), governing the effect to be given to involuntary dismissals. It states in relevant part:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication on the merits.

The plain language of the rule indicates that a dismissal based on the expiration of the statute of limitations is an adjudication on the merits. Plaintiff, however, urges this court not to read the rule literally, and argues that its meaning has been modified by the United States Supreme Court in *Costello v. United States*, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961).

*Costello* involved a proceeding to revoke Mr. Costello's naturalized citizenship under § 340(a) of the Immigration and Nationality Act of 1952. According to that Act, the government was required to file an affidavit of good cause with the complaint as a prerequisite to the initiation of denaturalization proceedings. *Id.* at 268, 81 S.Ct. at 536. In the initial proceeding before the District Court for the Southern District of New York, the government failed to file such an affidavit. *Id.* Therefore, the action was dismissed and the court did not specify whether the dismissal was with or without prejudice. *Id.* The government, rather than appealing the dismissal, brought a new proceeding by filing a complaint and an affidavit of good cause with the same court. *Id.* The Supreme Court held that a dismissal for failure to file the affidavit of good cause is a dismissal for lack of jurisdiction under Rule 41(b). *Id.* at 285, 81 S.Ct. at 544–45. The Court stated:

> It is too narrow a reading of the exception [in Rule 41(b)] to relate the concept of

jurisdiction embodied there to the fundamental jurisdictional defects which render a judgment void and subject to collateral attack, such as lack of jurisdiction over the person or subject matter. We regard the exception as encompassing those dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim.

*Id.*

Discussing the rationalization for the exceptions in Rule 41(b), the Court explained that the enumerated dismissals which operate as adjudications on the merits involve "situations in which the defendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court's reaching them." *Id.* at 286, 81 S.Ct. at 545. The Court then advised that, as to the unenumerated dismissals, "not provided for in this rule" which are on the merits, "it seems reasonable to confine them to those situations where the policy behind the enumerated grounds is equally applicable." *Id.*

Plaintiff argues that a statute of limitations is exactly the type of precondition the *Costello* Court was talking about. She maintains that "[a] statute of limitations, if promptly raised by the defendant and sustained by the court, means that a defendant will not incur 'the inconvenience of preparing to meet the merits.'"

Numerous federal courts have dealt specifically with this argument. For example, in *Shoup v. Bell & Howell Co.*, 872 F.2d 1178 (4th Cir.1989), the court explained that in a dismissal for lack of jurisdiction, a court classifies the action, regardless of the merits, as one on which the court cannot speak. *Id.* at 1181. On the other hand, a dismissal for expiration of the statute of limitations assumes the court could have spoken, but refused to do so. *Id.* "The power to declare law, including the law relating to the statute of limitations, is present." *Id.* The court held, therefore, that the statute of limitations dismissal was on the merits and that the plaintiffs' claims were barred, "even though the substantive issues have not been tried."

*Id.* (*quoting* Restatement (Second) of Judgments § 19 cmt. a (1982)).

Most of the federal circuit courts of appeals have interpreted Rule 41(b) to mean that a dismissal on statute of limitations grounds constitutes a judgment on the merits. *See, e.g., Murphy v. Klein Tools, Inc.,* 935 F.2d 1127, 1128–29 (10th Cir.), *cert. denied,* 502 U.S. 952, 112 S.Ct. 407, 116 L.Ed.2d 355 (1991); *Kale v. Combined Ins. Co. of America,* 924 F.2d 1161, 1164 (1st Cir.), *cert. denied,* 502 U.S. 816, 112 S.Ct. 69, 116 L.Ed.2d 44 (1991); *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.,* 880 F.2d 818, 819–20 (5th Cir.1989); *Shoup,* 872 F.2d at 1180–81; *Smith v. City of Chicago,* 820 F.2d 916, 918 (7th Cir.1987); *PRC Harris, Inc. v. Boeing Co.,* 700 F.2d 894, 896 (2d Cir.), *cert. denied,* 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983); *Ellingson v. Burlington N., Inc.,* 653 F.2d 1327, 1330 n. 3 (9th Cir.1981); *Cemer,* 583 F.2d at 832; *Haefner v. County of Lancaster, Pa.,* 543 F.Supp. 264, 266 (E.D.Pa.1982), *aff'd mem.,* 707 F.2d 1401 (3d Cir.1983).

The Eighth Circuit likewise has held that a dismissal based on the statute of limitations is on the merits for *res judicata* purposes. *See Myers v. Bull,* 599 F.2d 863, 865 (8th Cir.), *cert. denied,* 444 U.S. 901, 100 S.Ct. 213, 62 L.Ed.2d 138 (1979); *Fansher v. Kassel,* 782 F.Supp. 1334, 1336 (E.D.Mo.1992); *Lamb v. Equifax Servs., Inc.,* 620 F.Supp. 1457, 1458 (E.D.Mo.1985). Therefore, we hold that a federal dismissal based on the expiration of the statute of limitations is "on the merits" and may have preclusive effect on a subsequent action filed in the state courts of Missouri, even though the substantive issues of the case have not been addressed.

■ In addition to the requirement that the prior judgment be on the merits, Missouri also has a four-part test to determine whether *res judicata* applies.[2] In *Prentzler v. Schneider,* 411 S.W.2d 135 (Mo. banc

1966), the Supreme Court held that, in order to sustain a bar of *res judicata,* these four elements must be present:

(1) [i]dentity of the thing sued for;

(2) identity of the cause of action;

(3) identity of the persons and parties to the action; and

(4) identity of the quality of the person for or against whom the claim [of *res judicata* ] is made.

*Id.* at 138. In determining whether this test is met, *Agri–Trans* is instructive.

The first element, identity of the thing sued for, has been met. In her federal complaint, plaintiff sought $500,000 in actual damages and $1,000,000 in punitive damages for harm arising out of the interception of her telephone calls by the defendants. In the present state petition, plaintiff again seeks actual and punitive damages for the illegal wiretapping of her telephone. Therefore, the thing sued for is identical. *See Agri–Trans,* 756 S.W.2d at 207.

■ The second part of the test requires identity of the cause of action. The modern test of a "claim" under both the Federal and the Missouri Rules of Civil Procedure[3] is whether the claims arose out of the same act, contract or transaction. *Id.* "The term 'transaction' is broadly construed to include all of the facts and circumstances which constitute the foundation of a claim." *Id.* (*citing State ex rel. Farmers Ins. Co., Inc. v. Murphy,* 518 S.W.2d 655, 660 (Mo. banc 1975)). In both the federal complaint and the state petition, plaintiff sought damages which arose from the interception of her telephone conversations between April and December of 1984. Since the same transactions were involved, the claims are identical even though in federal court it was raised under the federal wiretap statute, while in state court it was denominated invasion of privacy, conspiracy and intentional infliction of emotional distress. *See id.* "Separate legal theories are not to be considered as separate

---

2. We have already stated that to determine the effect of a federal judgment we should look to federal law. However, since in this case we would reach the same result under both the federal test and the Missouri test, we will follow Agri–Trans and use the Missouri test.

3. See Missouri Rule 55.05 and Fed.R.Civ.P. 8, both of which now use the term "claim" instead of "cause of action."

claims...." *Barkley v. Carter County State Bank,* 791 S.W.2d 906, 913 (Mo.App.1990).

As to the third and fourth elements, the plaintiff and the defendants were both parties to the federal and the state court actions, and their status in both cases was the same. *See Agri–Trans,* 756 S.W.2d at 207. As the federal dismissal was on the merits and the four elements of the test have been met, the principle of *res judicata* applies.

In her third point, plaintiff argues that *res judicata* should not apply to bar her state claims because, even if she had included the state claims in her federal suit, the "policy of the United States Court of Appeals for the Eighth Circuit is to dismiss pendent state claims without prejudice when the federal claims are dismissed before trial." The plaintiff's argument stems from comment e to the Restatement (Second) of Judgments § 25 (1982) which states, in relevant part:

> A given claim may find support in theories or grounds arising from both state and federal law. When the plaintiff brings an action on the claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground. If however, the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground *(or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion),* then a second action in a competent court presenting the omitted theory or ground should be held not precluded.

(*Emphasis added*).

The federal district court would have had pendent jurisdiction over the plaintiff's state claims, because the state and federal claims arose out of "a common nucleus of operative fact." *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Therefore, the question is whether the district court, having dismissed the federal claim before trial, "would clearly have declined to exercise [jurisdiction] as a matter of discretion."

Plaintiff cites *Gibbs* as a case which establishes policy for all federal courts to follow. In *Gibbs,* the Court stated, "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id.* at 726, 86 S.Ct. at 1139. However, the Supreme Court has modified the dictum of *Gibbs,* and has stated that it "does not establish a mandatory rule to be applied inflexibly in all cases." *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7, 98 L.Ed.2d 720 (1988).

Contrary to plaintiff's arguments, it is far from certain that the federal district court would have declined pendent jurisdiction and dismissed the state claims without prejudice. A common approach taken by courts in response to this problem is to require the plaintiff to file pendent state claims in federal court or risk preclusion later. *See, e.g., Anderson v. Phoenix Inv. Counsel, Inc.,* 387 Mass. 444, 440 N.E.2d 1164, 1169 (Mass.1982) (holding that it is not enough that federal court possibly or probably would have dismissed the pendent state claims); *Blazer Corp. v. New Jersey Sports & Exposition Auth.,* 199 N.J.Super. 107, 488 A.2d 1025, 1027 (App.Div.1985) (holding that a plaintiff who does not raise state claims in a federal court action will be barred from thereafter asserting them in state court); *Mohamed v. Exxon Corp.,* 796 S.W.2d 751, 756–57 (Tex. App.1990) (holding that when no effort was made to present state claims to federal court, state court must presume that federal judgment is *res judicata,* and plaintiff has the burden of showing that federal court would have declined pendent jurisdiction). As stated by the Seventh Circuit:

> The uncertainty over whether a trial judge would exercise pendent jurisdiction does not justify permitting the institution of a multiplicity of proceedings which may have the effect of harassing defendants and wasting judicial resources. If [plaintiffs] entertained any doubts at the pleading stage, they should have been resolved in favor of joinder.

*Harper Plastics, Inc., v. Amoco Chems. Corp.,* 657 F.2d 939, 946 (7th Cir.1981).

Plaintiff had the opportunity to raise her state claims in federal court, but declined to do so. If she had raised the claims and the federal court had declined to exercise its pendent jurisdiction over them, *res judicata* would not prevent her from raising them in state court. *See Terre Du Lac*, 737 S.W.2d at 213. We hold that because the plaintiff could have raised the present state claims in federal court but declined to do so, and because she failed to show any exceptional circumstances which make it clear that the federal district court would have declined to exercise jurisdiction, she is now barred from raising these claims in state court by the principles of *res judicata.*

As our holding on the ground of *res judicata* is determinative, we need not address plaintiff's final point concerning the rule against splitting claims.

Judgment affirmed.

All concur.