782 F.Supp. 1334 (1992)
Jack A. FANSHER, etc., et al., Plaintiffs,
v.
Robert L. KASSEL, Defendant.
No. 91-0592C(6).
United States District Court, E.D. Missouri, E.D.
February 11, 1992.
*1335 Jean Engstrom Jones, St. Louis, Mo., for plaintiffs.
Burton Shostak, Moline, Ottsen, Mauze, Leggat & Shostak, Clayton, Mo., for defendant.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on defendant's motion to dismiss and plaintiffs' motion for a stay of these proceedings. Plaintiffs' two count complaint alleges that defendant violated the Commodity Exchange Act, 7 U.S.C. §§ 1-26, specifically, 7 U.S.C. §§ 6(a), 6b & 6o, and committed common law fraud and misrepresentation. Because the first count alleges violation of a federal statute, plaintiffs base jurisdiction on 28 U.S.C. § 1331. Plaintiffs present no basis for jurisdiction over the fraud and misrepresentation count but the Court presumes that they rely on supplemental jurisdiction. See 28 U.S.C. § 1367(a).
Plaintiffs' claims arise from their purchase of commodities contracts from National Coal Exchange, Inc. (NCE). Defendant Kassel acted as the attorney for NCE but plaintiffs claim he also had a proprietary interest in the corporation and received a share of its profits.
Plaintiffs ask the Court to certify NCE's customers as a class.[1] More exactly, the first paragraph of plaintiffs' complaint states that "JACK A. FANSHER, LAWRENCE PIPER, and LEE C. BORN, bring this action individually and on behalf of all persons who purchased contracts for future delivery of coal from NATIONAL COAL EXCHANGE, INC.[,] HUGH LANDERS, and wife, BERNICE LANDERS, DR. ONOUS J. WELLS and wife, THELMA WELLS, and JAMES WHITE, bring this action individually." Thus, it appears that the suggested class representatives are Jack A. Fansher, Lawrence Piper and Lee C. Born and that the remaining plaintiffs bring their actions individually and not as class representatives.
From April 1, 1980 through December 31, 1981, NCE's agents solicited customers by telephone to purchase contracts for the future delivery of coal. In Commodity Futures Trading Comm'n v. National Coal Exchange, Inc., No. 81-2550 (W.D.Tenn. April 2, 1982), the court held that in selling these coal contracts NCE violated the Commodity Exchange Act. NCE was appointed a receiver who the court granted permission to file a lawsuit on behalf of NCE customers. On November 3, 1983, the receiver initiated a class action in the United States District Court for the Western District of Tennessee against the officers and agents of NCE and its purported supplier. Kassel, the defendant in this action, was not added as a *1336 defendant until July 5, 1985 ostensibly because Kassel's involvement in the fraud was not discovered until December 5, 1984.
Nearly five years after that suit was filed, on July 5, 1988, the court denied the request for class certification and, on August 29, 1988, denied a motion to reconsider that decision. Thereafter the court set a time limit for intervention by other NCE customers.
The court denied the untimely request to intervene by plaintiffs Hugh Landers and, his wife, Bernice Landers (the Landers), Fansher and Dr. Wells. These individuals subsequently filed an independent action in the United States District Court for the Western District of Tennessee. The court dismissed their claims, finding that the statute of limitations had expired. That decision is now on appeal.
In addition, Dr. Wells and Thelma Wells initiated an action in a Mississippi state court. That action was dismissed for lack of personal jurisdiction.
The parties to this action concur that the dismissal by the United States District Court for the Western District of Tennessee bars the claims brought here by Fansher, Dr. Wells and the Landers unless that court in its order of dismissal specified that the decision did not operate as a decision on the merits. See Fed.R.Civ.P. 41(b). Although acknowledging the res judicata effect of that dismissal, plaintiffs request that the Court hold this action in abeyance until the United States Court of Appeals for the Sixth Circuit enters a decision on the appeal because that court might find that the dismissal was without prejudice. In that event, Fansher, Dr. Wells and the Landers may proceed in this forum. In any other event, Fansher, Dr. Wells and the Landers will not remain parties to this action either because the Sixth Circuit reverses their dismissal in the Tennessee lawsuit at which time they intend to pursue the litigation in that court or because the court's affirmance of their dismissal leaves the res judicata bar intact.
The Court rarely holds a matter in abeyance pending the appeal of other litigation, particularly when the outcome will have little or no practical effect on this proceeding. Furthermore, it is clear that the dismissal was "without prejudice." The order contained absolutely no language displacing the presumption arising from Rule 41(b) of the Federal Rules of Civil Procedure that a dismissal based on a statute of limitations operates as an adjudication upon the merits.
The Court will deny plaintiffs' motion for a stay and proceed to defendant's motion to dismiss. Defendant advances six grounds for dismissal: (1) res judicata, (2) statute of limitations, (3) improper venue, (4) lack of subject matter jurisdiction, (5) lack of personal jurisdiction and (6) failure to join parties.

1. Res Judicata

The claims filed in the Tennessee district court by plaintiffs Fansher, Dr. Wells and the Landers were dismissed on the grounds that the statute of limitations had run.
The doctrine of res judicata precludes litigation involving the same subject matter and against the same parties as a previous action in which a court of competent jurisdiction rendered a final judgment on the merits. White v. Kelsey, 935 F.2d 968, 969 (8th Cir.1991). A dismissal for failure to comply with the statute of limitations operates as an adjudication on the merits. Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc., 880 F.2d 818, 819-20 (5th Cir.1989); Shoup v. Bell & Howell Co., 872 F.2d 1178, 1179 (4th Cir.1989); Smith v. City of Chicago, 820 F.2d 916, 918 (7th Cir.1987); see also Fed.R.Civ.P. 41(b).
Inasmuch as the decision in the Tennessee district court satisfies all the requisite elements for res judicata, this Court will dismiss the claims of Fansher, Dr. Wells and the Landers.
The Court rejects defendant's assertion that Thelma Wells may not proceed here because her identical action in a Mississippi state court was dismissed for lack of personal jurisdiction. The federal court gives a state court dismissal the same preclusive *1337 effect as it would receive in the dismissing state's courts. Bryson v. Guarantee Reserve Life Ins. Co., 520 F.2d 563, 566 (8th Cir.1975). In Mississippi, a dismissal for lack of personal jurisdiction does not operate as a decision on the merits. Jones v. Starr, 586 So.2d 788, 791 (Miss. 1991). Res judicata does not bar Thelma Wells's claim.

2. Statute of Limitations

Plaintiffs' first count relies on the Commodity Exchange Act, which does not contain a statute of limitations. Defendant asserts that this Court must use the three-year statute of limitations applied in the Tennessee district court. Alternatively, if the Court refers to Missouri law for the statute of limitations, both parties assume the Missouri five-year fraud statute of limitations applies here. See Mo.Rev.Stat. § 516.120(5).
Plaintiffs advance two tolling doctrines that if applicable in this instance would bring this action within the five-year limit. First, plaintiffs assert that until December 5, 1984, defendant fraudulently concealed his relationship to NCE, thus tolling the statute of limitations until at least that date if not later. Second, plaintiffs contend that the running of the statute was tolled until August 29, 1988 when the Tennessee district court ruled adversely on a motion to reconsider its decision denying class certification in the lawsuit filed by NCE's receiver. Following plaintiffs' reasoning, this action, filed on March 25, 1991 less than five years after the August 29, 1988 decision, is timely. Defendant takes issue with plaintiffs' position.
When the federal statute does not identify a limitations period, a court should use the most closely analogous statute of limitations under the law of the state in which the court sits. Del Costello v. International Bhd. of Teamsters, 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983). No court has determined the Missouri statute that applies to violations of the Commodity Exchange Act but other courts note the similarity between section 10(b) of the Securities Exchange Act of 1934 and two of the Commodity Exchange Act sections that plaintiffs sue under, 7 U.S.C. §§ 6b & 6o. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran, 456 U.S. 353, 389 n. 88, 102 S.Ct. 1825, 1845 n. 88, 72 L.Ed.2d 182 (1982) ("language of [7 U.S.C. § 6b] is similar to that of § 10(b) of the Securities Exchange Act of 1934"); Dirks v. Clayton Brokerage Co., 105 F.R.D. 125, 129 (D.Minn.1985) (7 U.S.C. § 6o analogous to section 10(b) and Rule 10b-5). This similarity prompted one court to apply the statute of limitations used for actions under section 10(b) and Rule 10b-5 to claims brought pursuant to the Commodity Exchange Act. Ebrahimi v. E.F. Hutton & Co., 852 F.2d 516, 520 (10th Cir. 1988).
Like the Commodity Exchange Act, the Securities Exchange Act of 1934 does not specify a limitations period and courts look to state law for a statute of limitations. In federal district courts sitting in Missouri, a Rule 10b-5 suit is subject to Missouri's two-year securities statute of limitations. Morris v. Stifel, Nicolaus & Co., 600 F.2d 139, 146 (8th Cir.1979); Clodfelter v. Thuston, 637 F.Supp. 1034 (E.D.Mo.1986). By analogy, this Court will apply that same statute to plaintiffs' count alleging violations of the Commodity Exchange Act, §§ 4b & 4o, 7 U.S.C. §§ 6b & 6o.
Plaintiffs also assert that defendant violated 7 U.S.C. § 6(a), prior to 1983 known as 7 U.S.C. §§ 6 & 6h. This section makes it unlawful not to comply with board of trade practices.[2] Both parties presume the more general fraud statute applies, yet this section of the Commodity Exchange Act contains no language that comports with a fraud claim. The Missouri statute *1338 of limitations for securities actions is the more appropriate statute of limitations because it not only applies to fraudulent activities similar to those encompassed by 7 U.S.C. §§ 6b and 6o but also applies to violations of administrative provisions such as registration requirements. See Mo.Rev. Stat. 409.411(a)(1).[3] The Court will apply the two-year securities statute of limitations to all of plaintiffs' claims under the Commodity Exchange Act.
Even if the Court concluded that each tolling doctrine advanced by plaintiffs applied in this instance, their cause of action accrued at the very latest on August 29, 1988. Plaintiffs filed this action on March 25, 1991, over two years later. The statute of limitations has run, barring plaintiffs' Commodity Exchange Act claim. The Court will dismiss plaintiffs' first count.
Inasmuch as this order dismisses the federal claim on which plaintiffs based this Court's subject matter jurisdiction, the Court will not review defendant's remaining grounds for dismissal until plaintiffs have an opportunity to file an amended complaint that articulates a new basis for jurisdiction. Defendant may again move for dismissal at that time. Given the voluminous quantity of the exhibits, the Court recommends that in subsequent motions the parties refer to the exhibits attached to previous motions. Accordingly, the Court will deny without prejudice to refiling defendant's motion to dismiss for improper venue, lack of personal jurisdiction, lack of subject matter jurisdiction, failure to join parties and expiration of the statute of limitations with regard to Count II.
NOTES
[1] They estimate that the class would encompass 750 customers who paid in sum slightly under $7 million.
[2] shall be unlawful for any person ... to enter into ... a contract for the sale of a commodity for future delivery ... unless 
(1) such transaction is conducted on or subject to the rules of a board of trade ...
(2) such contract is executed or consummated by or through a member of such contract market; and
(3) such contract is evidence by a record in writing....
7 U.S.C. § 6(a).
[3] A few of the claims covered by the securities statute of limitations are actions arising from a broker-dealer's failure to register, Mo.Rev.Stat. § 409.201(a), from the sale of unregistered securities, Mo.Rev.Stat. § 409.301, and from not complying with filing requirements pertaining to sales literature intended for distribution to prospective investors, Mo.Rev.Stat. § 409.403. Mo.Rev.Stat. § 409.411(a)(1).