Daniel DeNARDO, Appellant,

v.

Diane BARRANS, Teresa Williams, Mark Begich, Milton Byrd, Alaska Student Loan Corp., Alaska Commission on Postsecondary Education, Frank Love, Jan Ferrell, Burton Research, Sharon Burton, and Karla Burton, Appellees.

No. S–10292.

Supreme Court of Alaska.

Nov. 29, 2002.

---

Daniel DeNardo, pro se, Anchorage.

Kevin M. Saxby, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellees Barrans, Williams, Begich, Byrd, Alaska Student Loan Corp., Alaska Commission on Postsecondary Education, Love, and Ferrell.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

*OPINION*

BRYNER, Justice.

## I. INTRODUCTION

Daniel DeNardo filed a superior court action for damages arising out of his allegedly wrongful termination from state employment. The superior court dismissed his case, ruling that it was barred under the doctrine of res judicata by a prior judgment on a nearly identical federal claim, which the federal court had dismissed "with prejudice" under Federal Civil Rule 41(b) as a result of De-Nardo's willful refusal to comply with a calendaring order. The primary question on appeal is whether claim-preclusive effect attaches to the federal dismissal. Because we conclude that federal law requires us to give claim-preclusive effect to a punitive dismissal entered on the merits by a federal court under Rule 41(b), we affirm the superior court's judgment.

1. The Ninth Circuit Court of Appeals summarily affirmed the dismissal in *DeNardo v. Barrans,* 230 F.3d 1366 (9th Cir.2000) (unpublished table decision), *cert. dismissed,* 531 U.S. 989, 121 S.Ct. 505, 148 L.Ed.2d 452 (2000).

2. The Ninth Circuit Court of Appeals summarily affirmed the dismissal in *DeNardo v. Barrans,* 238 F.3d 428 (9th Cir.2000) (unpublished table opinion), *cert. dismissed,* 531 U.S. 1006, 121 S.Ct. 607, 148 L.Ed.2d 480 (2000).

## II. FACTS AND PROCEEDINGS

After being fired as an auditor for the Alaska Commission on Postsecondary Education, Daniel DeNardo filed an action for damages in the United States District Court for the District of Alaska against nine state employees, claiming that various actions they had taken against him in the course and scope of their employment resulted in his wrongful termination and deprived him of his constitutional rights. The district court entered a summary judgment order dismissing "with prejudice" DeNardo's claims against all defendants except Diane Barrans, his supervisor.[1] Several days before trial on the claims against Barrans, DeNardo asked for a continuance for medical reasons. When the court denied his request and directed him to proceed with trial on the date scheduled, DeNardo stated that he did not intend to appear as directed. In response, the district court dismissed DeNardo's case for "failure to abide by the orders of the court," specifying that the dismissal would be "with prejudice."[2]

DeNardo then filed a nearly identical complaint in the Alaska superior court, naming as additional defendants two state agencies, the Alaska Commission on Postsecondary Education and the Alaska Student Loan Corporation.[3] The defendants moved for summary judgment, arguing that DeNardo's claims were barred by res judicata. Superior Court Judge Stephanie E. Joannides granted the motion, ruling that DeNardo's complaint raised claims that the federal court had already resolved. DeNardo appeals.

## III. DISCUSSION

In challenging the superior court's summary judgment order, DeNardo emphasizes that the doctrine of res judicata can

3. Several of the defendants named in the state complaint are different from those named in the federal complaint, but those differences are irrelevant. Three of the newly named defendants, Burton Research, Sharon Burton, and Karla Burton, were never served with process and did not participate in the superior court proceedings. The remaining newly named defendants are either successors of previously named defendants or additional commission members not alleged to have committed specific wrongful acts.

apply only when a previous judgment has resolved the same claim "on the merits." [4] He argues that the federal district court's judgment dismissing his prior complaint does not qualify as a judgment "on the merits" because the dismissal was entered under Federal Civil Rule 41(b).[5] Although this rule expressly specifies that a dismissal under its provisions "operates as an adjudication upon the merits" unless the court specifically states otherwise in its dismissal order, DeNardo nonetheless cites the United States Supreme Court's recent decision in *Semtek International, Inc. v. Lockheed Martin Corp.*[6] as holding that Rule 41(b) dismissals do not qualify as judgments "on the merits" under the doctrine of res judicata.

But DeNardo's argument is unpersuasive. Preliminarily, we note that DeNardo's federal claims against all the defendants other than Barrans were dismissed with prejudice by summary judgment for failure to establish a prima facie case. This dismissal was unrelated to the subsequent Rule 41(b) dismissal of DeNardo's claims against Barrans; and because an order dismissing a claim for failure to establish a prima facie case necessarily passes on the substance of that claim, the federal court's order dismissing DeNardo's case against all defendants other than Barrans qualified as a judgment "on the merits" triggering res judicata's preclusive effect.[7] The federal court's summary judgment order thus barred DeNardo from relitigating his claims against all individual defendants other than Barrans, regardless of whether the subsequent Rule 41(b) dismissal had claim-preclusive effect.

As to the federal claims against Barrans, DeNardo's argument based on *Semtek* is unpersuasive because it misconstrues the decision and overstates *Semtek's* significance in determining a punitive dismissal's preclusive effect. Although DeNardo insists that *Semtek* stands for the proposition "that dismissals pursuant to [FRCP 41(b)] are not 'on the merits' and have never had res judicata effect," its holding is considerably narrower.

In construing Rule 41(b)'s default provision, which specifies that a dismissal under the rule's terms "operates as an adjudication upon the merits" unless the order of dismissal specifies otherwise, *Semtek* began by observing that "[t]he original connotation of 'an on the merits' adjudication"—the connotation traditionally used to determine a judgment's preclusive effect—"is one that actually 'pass[es] directly on the substance of [a particular] claim' before the court."[8] But *Semtek* held that the rule's use of the phrase has a narrower meaning: "[T]he effect of the 'adjudication upon the merits' default provision of Rule 41(b) ... is simply that, unlike a dismissal 'without prejudice,' the dismissal in the present case barred refiling of the same claim in the [same court]."[9]

Having adopted this interpretation, however, *Semtek* did not go on to conclude—as DeNardo insists it did—that Rule 41(b) dismissals can never have preclusive effect as judgments "on the merits" in the traditional

---

**4.** For example, we recently stated:

> The doctrine of res judicata provides that a judgment in a prior action will bar a subsequent action if the prior judgment was (1) a final judgment on the merits, (2) from a court of competent jurisdiction, (3) in a dispute between the same parties (or their privies) about the same cause of action.

*Sengupta v. Univ. of Alaska*, 21 P.3d 1240, 1251 (Alaska 2001), *cert. denied*, 534 U.S. 1135, 122 S.Ct. 1081, 151 L.Ed.2d 981 (2002) (mem.).

**5.** Federal Rule of Civil Procedure 41(b) provides, in relevant part:

> Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

**6.** 531 U.S. 497, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001).

**7.** *See id.* at 501–02, 121 S.Ct. 1021 ("[A]n 'on the merits' adjudication is one that actually 'pass[es] directly on the substance of [a particular] claim' before the court.") (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 19 cmt. a (1982) [hereinafter RESTATEMENT] ).

**8.** *Id.* (quoting RESTATEMENT § 19 cmt. a).

**9.** *Id.* at 506, 121 S.Ct. 1021.

sense. Instead, *Semtek* recognized that Rule 41(b) simply does not address the issue. Noting that a judgment "upon the merits" under Rule 41(b) "is undoubtedly a necessary condition, but it is not a sufficient one, for claim-preclusive effect in other courts," [10] the Court in *Semtek* found it necessary to search elsewhere to determine the issue: "Having concluded that the claim-preclusive effect ... [of the federal judgment at issue] is dictated neither by *Dupasseur v. Rochereau* [88 U.S.(21 Wall.) 130, 22 L.Ed. 588 (1874)], as petitioner contends, nor by Rule 41(b), as respondent contends, we turn to consideration of what determines the issue." [11]

After considering this issue, *Semtek* concluded that federal common law determines a federal dismissal's preclusive effect in both federal-question and diversity cases.[12] Regarding federal-question dismissals, the Court in *Semtek* emphasized that "no federal textual provision addresses the claim-preclusive effect of a federal-court judgment in a federal-question case, yet we have long held that States cannot give those judgments merely whatever effect they would give their own judgments, but must accord them the effect that this Court prescribes." [13]

To determine the claim-preclusive effect of a punitive dismissal under Rule 41(b), then, *Semtek* requires us to look for an answer in federal common law, not Rule 41(b). And federal case law provides a clear answer, holding that, unless the dismissing court otherwise specifies, a Rule 41(b) dismissal for failure to comply with a court order is "on the merits" in the traditional sense and must be given preclusive effect:

> All of the dismissals enumerated in Rule 41(b) which operate as adjudications on the merits—failure of the plaintiff to prosecute, or to comply with the Rules of Civil Procedure, or to comply with an order of

the Court, or to present evidence showing a right to the relief on the facts and the law—primarily involve situations in which the defendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court's reaching them. It is therefore logical that a dismissal on one of these grounds should, unless the Court otherwise specifies, bar a subsequent action.[14]

WRIGHT, MILLER & COOPER amplifies this reasoning, describing the unique characteristics of "penalty dismissals" that justify giving them a preclusive effect:

> Rule 41(b) provides that unless the court in its order for dismissal otherwise provides, dismissals for failure to prosecute, to comply with the civil rules, or to comply with any order of court operate as an adjudication on the merits. The purpose of this provision is to establish a strong sanction to enforce compliance with proper procedure. Quite apart from Rule 41(b), this purpose of itself would suggest that penalty dismissals often should preclude a second action on the same claim.[15]

And *Semtek* itself makes the same point. The specific question at issue in *Semtek* was the preclusive effect of a federal judgment that dismissed a diversity claim on statute-of-limitations grounds under Rule 41(b).[16] Applying its common-law power to decide the issue, the Court fashioned a federal rule for diversity cases that ordinarily would incorporate the claim-preclusion law of the state whose substantive law is at issue.[17] But the Court took pains to warn that it might deviate from this rule if the state law at issue refused to give claim-preclusive effect to a punitive dismissal:

> This federal reference to state law will not obtain, of course, in situations in which the

---

**10.** *Id.*

**11.** *Id.*

**12.** *Id.* at 507–08, 121 S.Ct. 1021.

**13.** *Id.* at 507 (citations omitted).

**14.** *Costello v. United States*, 365 U.S. 265, 286–87, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961).

**15.** 18A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4440 (2d ed.2002); *see also* RESTATEMENT § 19 cmt. e (adopting a rule of preclusion for failure to prosecute, to obey an order of court, or to appear).

**16.** *See Semtek*, 531 U.S. at 499, 121 S.Ct. 1021.

**17.** *See id.* at 508, 121 S.Ct. 1021.

state law is incompatible with federal interests. If, for example, state law did not accord claim-preclusive effect to dismissals for willful violation of discovery orders, federal courts' interest in the integrity of their own processes might justify a contrary federal rule.[18]

In summary, then, *Semtek* requires us to determine the preclusive effect of DeNardo's Rule 41(b) dismissal by referring to federal common law. Because federal cases unequivocally treat a punitive dismissal like DeNardo's—a judgment that terminates a case for failing to follow court orders—as a judgment "on the merits" that has claim-preclusive effect, we hold that the federal-court judgment dismissing DeNardo's claim against Barrans had the effect of precluding his subsequent state action against Barrans, which asserted the same claim.

So far, our decision precludes DeNardo from pursing his state claims only against the individual defendants that he named in his superior court complaint.[19] We have not yet considered his state claims against newly named agencies, the Alaska Commission on Postsecondary Education and the Alaska Student Loan Corporation. DeNardo asserts that, because federal law barred him from naming these agencies as defendants in his federal-court action, the superior court erred in concluding that res judicata precluded him from suing them in state court.

Yet res judicata can bind parties who did not participate in the prior action: the doctrine holds that a properly entered judgment "should be conclusive upon the parties and those in privity with them."[20] Because the commission and the corporation are governmental entities, not individuals, and so

could not act except through their officers and employees, their liability could only be established vicariously, through proof that their officers and employees (the individual defendants named in DeNardo's complaint) acted wrongfully.[21] Under these circumstances, privity arises between the agency defendants, who had not been sued in federal court, and the individual defendants, all of whom were sued for actions taken in the course of their employment, because their relationship is "such that one of them is vicariously responsible for the conduct of the other."[22] It follows that, by precluding DeNardo's individual claims, we also must preclude his agency claims.

## IV. CONCLUSION

We therefore AFFIRM the superior court's judgment of dismissal.

---

18. *Id.* at 509, 121 S.Ct. 1021.

19. We include in this category individual defendants newly named in DeNardo's state claim by virtue of their status as successors of previously named defendants, since these newly named individuals are essentially placeholders for previously named defendants; we similarly include commission members newly added in the state action, since these defendants were simply added in their capacity as board members representing the newly named agency defendants and are not alleged to have committed any specific wrongful acts.

20. *Pennington v. Snow,* 471 P.2d 370, 374 (Alaska 1970) (quoting *State v. Baker,* 393 P.2d 893, 897 (Alaska 1964)).

21. *See City of North Pole v. Zabek,* 934 P.2d 1292, 1300 (Alaska 1997) ("For vicarious liability to attach, some sort of underlying liability must be established for which the employer can be held liable.").

22. *See* RESTATEMENT § 51. We follow the Restatement of Judgments in determining whether privity exists for res judicata purposes. *See, e.g., Alaska Foods, Inc. v. Nichiro Gyogyo Kaisha, Ltd.,* 768 P.2d 117, 121 (Alaska 1989).