FILED
United States Court of Appeals
Tenth Circuit

February 4, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THOMAS E. SCHERER,

     Plaintiff-Appellant,

v.

STATE OF KANSAS; CITY OF
MERRIAM, KANSAS; CITY OF
DESOTO, KANSAS,

     Defendants-Appellees.

No. 07-3084

(D.C. No. 06-CV-2446-JWL)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, EBEL,** and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is,

therefore, submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Plaintiff-Appellant Thomas Scherer, a non-prisoner appearing pro se, appeals the dismissal of his 42 U.S.C. § 1983 complaint without prejudice. Along with his complaint, Scherer filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915, which the district court denied after finding that Scherer had the financial resources to pay the filing fee. After Scherer failed to pay the filing fee, the district court dismissed his complaint without prejudice. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Scherer filed this action on October 16, 2006, alleging that Kansas state, county, and city officials employ an unlawful racial classification system. The complaint was accompanied by an application for leave to proceed *in forma pauperis*. The district court ultimately denied Scherer's initial application based on the limited information provided in the accompanying financial affidavit, but granted Scherer leave to file a new application containing more complete and updated financial information. On December 22, 2006, Scherer filed a second application for leave to proceed *in forma pauperis*. A magistrate judge held a hearing on the matter and asked Scherer numerous questions about his financial status. After this hearing, the magistrate judge again denied Scherer's application and informed Scherer that his complaint would be dismissed if he did not pay the filing fee by February 1, 2007. After Scherer failed to pay the filing fee, the magistrate judge issued a report recommending that the case be dismissed.

Accordingly, on March 7, 2007, the district court dismissed the case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

"We review dismissals under Rule 41(b) for abuse of discretion." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1161 (10th Cir. 2007). After reviewing the record, including the financial affidavits Scherer filed with the district court, and Scherer's arguments, we conclude that the district court did not abuse its discretion. Rule 41(b) permits a trial court to dismiss an action if the plaintiff fails to comply with a court order. See Cosby v. Meadors, 351 F.3d 1324, 1327 (10th Cir. 2003). Sherer failed to pay the required filing fee, despite being informed that his case would be dismissed otherwise.

The district court's conclusion that Scherer had the ability to pay the filing fee is supported by the record. Whether to grant leave to proceed *in forma pauperis* is within the sound discretion of the trial court. Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005). Here, the district court gave Scherer more than one opportunity to show that he lacked the means to pay the filing fee, and the magistrate judge went so far as to hold a hearing on the matter. The financial affidavits Scherer filed in the district court establish that his monthly income exceeded his monthly obligations by several hundred dollars; that he owned his home, with a value of nearly $100,000, without debt; and that he also owned two automobiles, with a value of $14,000, debt-free. In addition, Scherer testified at the hearing on his application that he planned to attend

3

graduate school, which would cost $7,500, and that he would pay his own tuition. On this basis, we cannot conclude that the district court abused its discretion in finding that Scherer had the financial resources to pay the $350 filing fee.

Scherer points out that a Kansas state court permitted him leave to proceed *in forma pauperis* in state litigation, and he argues that the district court should have applied comity to permit Scherer to proceed *in forma pauperis* in the present case. However, as the district court explained, the legal standard that applied in the state case is not the same as the legal standard set forth in the federal *in forma pauperis* statute, 28 U.S.C. § 1915. See Memo. & Order, Vol. I, Doc. 5, at 6. Further, we note again that the district court has broad discretion in determining whether to grant or deny an application to proceed *in forma pauperis*. The fact that one court concludes that a plaintiff is not able to bear the costs of litigating does not bind all other courts to reach the same conclusion in subsequent litigation. This is particularly so because a person's financial fortunes can change dramatically in a short period of time, and an application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status. See Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988) ("[P]ast decisions regarding one's pauper status are not determinative of one's *present* financial condition. Indeed, under 28 U.S.C. § 1915(a), a federal court should redetermine IFP status each time a new petition is filed . . . .").

For substantially the same reasons set forth in the magistrate judge's report and recommendation and the district court's order, we AFFIRM the dismissal of this action. We DENY plaintiff's motion to proceed *in forma pauperis* on appeal.

Entered for the Court


Mary Beck Briscoe
Circuit Judge