George BROWN, Jr., Plaintiff–Appellant,

v.

Bob SIMMONS, Danny Dodson, Janet Thomas, and Rob Sharp, Defendants–Respondents.

No. SD 29123.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 4, 2008.

Appellant appears pro se.

A.M. Spradling III, of Spradling & Spradling, Cape Girardeau, MO, for respondent.

GARY W. LYNCH, Chief Judge.

George Brown, Jr. ("Appellant") appeals the judgment of the Pemiscot County Circuit Court dismissing his petition for asserting a claim precluded under the doctrine of *res judicata*. Specifically, Appellant argues that the trial court's dismissal misapplied the law and improperly determined that the prior dismissal of Appellant's federal case for failure to pay the filing fee as ordered by that court operated to preclude any further claims arising out of the same circumstances. We reverse the trial court's judgment and remand for further proceedings.

### Factual and Procedural Background

Appellant was incarcerated in the Pemiscot County Justice Center in Caruthersville, Missouri, from January 19, 2006, through November 17, 2006, and during this time was under the supervision and care of Bob Simmons, Danny Dodson, Janet Thomas, and Rob Sharp ("Respondents"). In September, 2006, Appellant filed a civil rights action in the United States District Court for the Eastern District of Missouri ("federal case") alleging that, during his incarceration in Pemiscot County, Respondents willfully refused him adequate and prescribed medical care, denied him the freedom of religion, and inflicted upon him cruel and unusual punishment by feeding Appellant a food to which he was allergic. The following August, the federal court issued an order requiring Appellant to pay the statutory filing fee.[1] When Appellant failed to comply with that order, the court dismissed his claim pursuant to Rule 41(b) of the Federal Rules of Civil Procedure "for failure to prosecute and failure to comply with a Court order." Appellant filed an appeal with the United States Court of Appeals for the Eighth Circuit, which apparently issued a show cause order directed to Appellant in November of 2007. Appellant did not respond to the show cause order, and the Eighth Circuit dismissed his appeal for failure to prosecute.

Meanwhile, on November 5, 2007, Appellant filed a petition in the Pemiscot County Circuit Court alleging the same underlying events ("state case"). Respondents filed a motion to dismiss the state case on February 19, 2008. Appellant filed his objections to Respondents' motion to dismiss. The trial court sustained Respondents' motion to dismiss and entered a judgment dismissing Appellant's petition. This appeal followed.

### Standard of Review

■ Ordinarily, we review *de novo* a trial court's decision granting a motion to dismiss. *Moynihan v. Gunn*, 204 S.W.3d 230, 232–33 (Mo.App.2006). When determining whether to grant a motion to dismiss, the court is limited to examining the pleading, on its face, for sufficient statements constituting a viable claim. *Claude v. Ceccarini*, 110 S.W.3d 843, 846 (Mo.App. 2003).

■ "Where, however, the parties introduce evidence beyond the pleadings, a motion to dismiss is converted to a motion for summary judgment." Rule 55.27(a); *ADP Dealer Servs. Group v. Carroll Motor Co*, 195 S.W.3d 1, 6 (Mo.App.2005) (citing *Claude*, 110 S.W.3d at 846). In order for the trial court to consider evidence outside of the pleadings and treat the motion to dismiss as a motion for summary judgment, the court generally "must first give the parties notice that it is

---

1. Nothing in the record before this court indicates why the filing fee was not paid at the time the complaint was filed or why at this point in time the trial court ordered Appellant to pay it.

going to do so, and it must provide all parties a reasonable opportunity to present all materials made pertinent to a motion for summary judgment." *ADP*, 195 S.W.3d at 6 (citing *Goe v. City of Mexico, Missouri*, 64 S.W.3d 836, 838 (Mo.App. 2001)); Rule 55.27(a). A motion to dismiss may automatically be transformed into a motion for summary judgment even in the absence of such notice, however, when the parties imply acquiescence to the court's treatment of the matter as such. *See Hyatt Corp. v. Occidental Fire & Cas. Co.*, 801 S.W.2d 382, 392 (Mo.App.1990). Implied acquiescence is found where the parties introduce evidence outside of the pleadings to the court and neither party objects to such evidence being considered by the court. *ADP*, 195 S.W.3d at 6. Both parties are then charged with knowing that the motion has been so converted. *Id.*

In their motion to dismiss, in the case at bar, Respondents asserted the existence of and attached copies of the complaint, the order of dismissal pursuant to Fed. R.Civ.P. 41(b) and the judgment and mandate dismissing the appeal, which were all filed in the federal case. Respondents asserted to the trial court that: "Because the [federal case] was dismissed for failure to prosecute and failure to comply with the court's orders, said dismissal was an adjudication on the merits and [Appellant's] claim in state court should be dismissed because of res judicata." Although Appellant did not introduce any other evidence outside of his pleading, his response to Respondents' motion to dismiss referenced and relied upon the documents in the federal case as asserted in Respondent's motion, and his argument responded solely to Respondents' asserted *res judicata* defense. Additionally, Appellant did not raise any objection to the trial court's consideration of these documents in ruling on Respondent's motion to dismiss. There-

fore, Appellant acquiesced to the trial court's treatment of the motion to dismiss as a motion for summary judgment.

Our review of a trial court's decision granting summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We will affirm the trial court's decision "if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist." *Mitchell v. McEvoy*, 237 S.W.3d 257, 259 (Mo.App.2007) (citing *ITT*, 854 S.W.2d at 377). We view the record in the light most favorable to the non-moving party, according them all reasonable inferences that may be drawn from it, and "accept as true facts contained in affidavits or otherwise in support of a party's motion unless contradicted by the non-moving party's response to the summary judgment motion." *Mitchell*, 237 S.W.3d at 260 (citing *ITT*, 854 S.W.2d at 376).

### *Discussion*

■ Appellant presents three points relied on for our review; we need only address the first, however, as its resolution renders the remaining points moot. Appellant contends that the trial court incorrectly relied on *DeNardo v. Barrans*, 59 P.3d 266 (Alaska 2002), in determining that the dismissal of his federal claim pursuant to Rule 41(b) served to bar his claims in the state case against Respondents, and instead should have followed *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001). In particular, Appellant cites *Semtek* for the proposition that federal dismissals under Rule 41(b) do not necessarily constitute claim-preclusive "adjudications on the merits." We agree.

Federal Rule 41(b) states, in pertinent part:

**(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Rule 41(b). The initial issue before us, then, is what claim-preclusive effect the phrase "adjudication on the merits" has as it is used in Rule 41(b). *Semtek* answers that question.

In *Semtek*, the plaintiff's original California state claim was removed to federal court by the defendant on diversity grounds. *Semtek*, 531 U.S. at 499, 121 S.Ct. 1021. The California Federal District Court dismissed the case "on the merits" because the statute of limitations had expired. *Id.* The plaintiff then filed a state claim alleging the same causes of action in Maryland, where the statute of limitations had not yet expired. *Id.* The Maryland court dismissed the claim as precluded by the federal dismissal. *Id.* at 500, 121 S.Ct. 1021.

The United States Supreme Court held that a Rule 41(b) dismissal does not automatically preclude the claim from being brought in another venue. Specifically, the Court stated:

We think the key to a more reasonable interpretation of the meaning of "operates as an adjudication upon the merits" in Rule 41(b) is to be found in Rule 41(a), which, in discussing the effect of voluntary dismissal by the plaintiff, makes clear that an "adjudication upon the merits" is the opposite of a "dismissal without prejudice[.]"

*Id.* at 505, 121 S.Ct. 1021. The Court went on:

The primary meaning of "dismissal without prejudice," we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim. That will also ordinarily (though not always) have the consequence of not barring the claim from *other* courts, but its primary meaning relates to the dismissing court itself.

*Id.* at 506, 121 S.Ct. 1021. Ultimately, the Court held that the inherent "effect of the 'adjudication upon the merits' default provision of Rule 41(b)" is to bar a plaintiff from re-filing the same claim in the same court, and that such an outcome "is undoubtedly a necessary condition, but it is not a sufficient one, for claim-preclusive effect in other courts." *Id.*

We are thus left with determining when a federal claim dismissed under Rule 41(b), as occurred here, invokes claim preclusion beyond the particular federal court issuing the dismissal, and *Semtek* guides us here, as well. The Court in *Semtek* acknowledged "that no federal textual provision addresses the claim-preclusive effect of a federal-court judgment in a federal-question case, yet we have long held that States cannot give those judgments merely whatever effect they would give their own judgments, but must accord them the effect that this Court prescribes." *Id.* at 507, 121 S.Ct. 1021 (citing *Stoll v. Gottlieb*, 305 U.S. 165, 171–72, 59 S.Ct. 134, 83 L.Ed. 104 (1938); *Gunter v. Atlantic Coast Line R. Co.*, 200 U.S. 273, 290–91, 26 S.Ct. 252, 50 L.Ed. 477 (1906); *Deposit Bank v. Frankfort*, 191 U.S. 499, 514–15, 24 S.Ct. 154, 48 L.Ed. 276 (1903)); Restatement (Second) of Judgments § 87 (1982). Therefore, in order to determine if Appellant is barred from filing his claim in state court, which was previously dismissed in

federal court under Rule 41(b), we must look to federal law.

■ Federal law requires that four elements be satisfied to support a decree of *res judicata,* and the burden rests on the party asserting the doctrine: "(1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question." *Bd. Of Trs. Of Trucking Employees of No. Jersey Welfare Fund, Inc. v. Centra,* 983 F.2d 495, 505 (3d Cir.1992). Without reaching whether the first three elements are satisfied in the instant case, it is clear to this Court that the fourth element—that Appellant have had a "full and fair opportunity to litigate the issue in question"—is not met in the instant case.

■ In determining whether a party has had a "full and fair opportunity to litigate the issue in question," federal interpretation "often [focuses] on whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." *Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation,* 975 F.2d 683, 689 (10th Cir.1992). Further, a full and fair opportunity to litigate an issue "centers on the fundamental fairness of preventing the party from re-litigating an issue he has lost in a prior proceeding." *Sil–Flo Inc. v. SFHC Inc.,* 917 F.2d 1507, 1521 (10th Cir.1990). In the case at bar, we view Appellant's failure to pay the requisite filing fee in the federal case as a procedural limitation, and do not believe that such a basis constitutes "losing" an issue in a previous suit.

■ Our position is bolstered by the long-held notion that *res judicata* operates to bar subsequent claims when the claim has been dismissed under Rule 41(b) and "the defendant [has incurred] the inconvenience of preparing to meet the merits [of the underlying action] because there is no initial bar to the Court's reaching them," *Costello v. U.S.,* 365 U.S. 265, 286, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961), which was not the case here. It is further supported by numerous dismissals, without prejudice, based on a plaintiff's failure to pay a filing fee. *See Scherer v. Kansas,* 263 Fed.Appx. 667 (10th Cir.2008); *Amick v. Ashlock,* 113 Fed.Appx. 191 (8th Cir. 2004) (affirming a Rule 41(b) dismissal for failure to pay the filing fee but modifying it to be without prejudice).

Finally, the cases Respondents rely on in their brief—in particular their distinguishing factors—and the case relied on by the trial court provide both guidance and support for our decision. In *Andes v. Paden, Welch, Martin & Albano, P.C.,* 897 S.W.2d 19 (Mo.App.1995), the plaintiff's case was dismissed under Rule 41(b) because the statute of limitations had expired. *Id.* at 21. Dismissals founded on expired statutes of limitations have been expressly declared final judgments on the merits for purposes of claim preclusion. *See Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.,* 880 F.2d 818, 819–20 (5th Cir.1989); *Shoup v. Bell & Howell Co.,* 872 F.2d 1178, 1179 (4th Cir.1989); *Fansher v. Kassel,* 782 F.Supp. 1334, 1336 (E.D.Mo.1992). There is no similar case-law support for cases dismissed for failures to pay filing fees.

*Muza v. Missouri Dept. of Social Services,* 769 S.W.2d 168 (Mo.App.1989), is similarly distinguishable. In *Muza,* the claim at issue was dismissed for being "legally frivolous," which necessarily im-

plies that the court reached the substantive merits of the case. *Id.* at 173; *see Williams v. Hopkins,* 130 F.3d 333, 335 (8th Cir.1997) ("A complaint is frivolous where it lacks an arguable basis either in law or in fact.") (internal quotations omitted). Neither party in the case at bar contends that the actual substantive issues in the present case were reached in the court's dismissal of the federal case.

■ Finally, *DeNardo,* 59 P.3d 266, which the trial court relied on in its dismissal, is likewise distinguishable from the instant case. In *DeNardo,* while the federal court's dismissal was for failure to prosecute and to follow a court order under Rule 41(b) as in the present case, the Court went to great lengths to emphasize the plaintiff's blatant and willful disregard for the Court. Specifically, the plaintiff in *DeNardo* requested a continuance shortly before he was scheduled to proceed to trial; when the court denied his request and instructed him to be prepared for trial as scheduled, he informed the court that he would not obey the order. *Id.* at 267. In the instant case, however, the procedural failure to pay the filing fee apparently occurred before the case was even set for trial, and there is no indication or contention that Appellant willfully disregarded the court's order that he pay the filing fee. Working under the assumption that "dismissal with prejudice [under Rule 41(b) ] is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay," *Hunt v. City of Minneapolis, Minn.,* 203 F.3d 524, 527 (8th Cir.2000), we cannot categorize Appellant's failure to pay the filing fee in his federal case as rising to the same caliber of conduct exhibited by the plaintiff in *DeNardo.*

### Decision

As discussed above, the dismissal of Appellant's claim pursuant to Rule 41(b) in the federal case did not constitute an "adjudication on the merits" for purposes of claim preclusion in the state case. Consequently, Respondents were not entitled to judgment as a matter of law. We reverse the trial court's judgment and remand the case to the trial court for further proceedings.

BURRELL, P.J., and PARRISH, J., concur.