COOK *v.* STATE.

4825 287 S. W. 2d 6

Opinion delivered February 20, 1956.

*Robert C. Compton* and *Walter L. Brown,* for appellant.

*Tom Gentry,* Attorney General, and *Thorp Thomas,* Asst. Atty. General, for appellee.

MINOR W. MILLWEE, Associate Justice. Defendant, Ross Cook, was charged with assault with intent to kill in the shooting and critical wounding of Richard Nowlin at Hampton, Arkansas, on the night of July 27, 1954. At the trial held July 14, 1955, the jury found defendant guilty and fixed his punishment at 21 years in the penitentiary.

Evidence adduced by the State tended to show that Richard Nowlin drove from his home in the Long Lake

community to Hampton on the night of the shooting to listen to the returns of the Democratic Primary Election held on that date. He went to Jodie's Cafe where he drank some beer and then to the courthouse where he remained until about midnight. He then returned to the cafe and drank another bottle of beer. The defendant came in the cafe and drank some beer but left while Nowlin was still there. Nowlin purchased four cans of beer to take home and started to his jeep which was parked across the street when he saw defendant sitting on a car near the cafe. As Nowlin approached, the defendant said to him, "I thought you was my friend." Nowlin replied, "I am. I try to be a friend to everybody." Defendant then reminded Nowlin of an occurrence several months previously when defendant had tried unsuccessfully to persuade Nowlin and his brother to procure and give false testimony favorable to defendant in a hog-stealing case in which defendant was implicated. After telling Nowlin to wait just a minute so that he could talk to him further, defendant walked across the street where he procured a .38 caliber pistol from his truck. He then returned and, after cursing Nowlin, drew the gun and shot him four times before he fell and once more through the ear while Nowlin was lying on the ground. Nowlin was unarmed and had paid no attention to defendant when he left to get his gun.

The only defense interposed by defendant was that he was too drunk at the time of the shooting to form the specific intent to kill necessary to sustain the charge. It is argued that no motive was shown for the shooting which could have only amounted to an aggravated assault. While defendant testified that he was too drunk to remember anything that happened after his arrival at Hampton in the afternoon prior to the shooting, his testimony was disputed by the sheriff and several other witnesses who observed and talked with him shortly before and after the shooting. Dr. P. H. Pinson, a defense witness, also testified that one in the condition of the defendant, as disclosed by his own testimony and that of

his wife, was capable of forming the intent to kill at the time of the shooting.

While we do not agree that a motive for the shooting was lacking, the State is not bound to prove a motive and its absence is only a circumstance to be considered with other facts and circumstances in determining guilt or innocence. *Hogue* v. *State,* 93 Ark. 316, 130 S. W. 167. The specific intent to kill need not have existed for any appreciable length of time and, in determining whether such intent existed, the jury may take into consideration the manner of assault, the nature of the weapon and the manner in which it was used and all other facts and circumstances tending to show the defendant's state of mind. *Clardy* v. *State,* 96 Ark. 52, 131 S. W. 46; *Tatum* v. *State,* 172 Ark. 244, 288 S. W. 904. The evidence here, viewed in the light most favorable to the State, was sufficient to sustain the jury's conclusion that defendant shot Nowlin with the specific intent to take his life.

In response to hypothetical questions based upon the testimony of defendant and his wife, Dr. Pinson stated that one in defendant's condition was capable of forming the intent to kill at the time of the shooting. While there was no plea of surprise by defendant at this testimony of his own witness, it is now argued that the court erred in limiting further interrogation to the question of defendant's ability to form an intent to kill. Since the shooting was admitted and there was no plea of insanity or any other defense except that of inability to form an intent to kill because of drunkenness, we hold there was no abuse of the trial court's discretion in confining the testimony of the witness to that issue.

Nor do we concur in defendant's contention that the evidence was insufficient to warrant the action of the jury in fixing his punishment at the maximum provided by law. The evidence is overwhelming that defendant committed a murderous assault upon Nowlin while he was unarmed and making no hostile demonstration of any kind toward defendant, and we find no abuse of dis-

cretion by the jury in fixing the punishment. We have examined other assignments and find no reversible error. The judgment is therefore affirmed.