**Eldon BUGG, Appellant,**

v.

**James L. RUTTER and Jean S. Goldstein, Respondents.**

**No. WD 72292.**

Missouri Court of Appeals, Western District.

Dec. 14, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 1, 2011.

Eldon Bugg, Boonville, MO, Appellant, pro se.

Bruce Farmer, Columbia, MO, for Respondents.

Before Division II: KAREN KING MITCHELL, Presiding Judge, and JAMES EDWARD WELSH and MARK D. PFEIFFER, Judges.

KAREN KING MITCHELL, Presiding Judge.

This is a *res judicata* case. The appellant argues that a previous federal judgment did not dispose of his state law claims and that therefore the doctrine of *res judicata* does not bar him from reasserting those same claims here. We disagree. Therefore, we affirm.

### Facts and Procedural Background[1]

This is the fourth time the facts of this case have been before us. A more detailed version of the facts can be found in *Rutter v. Bugg (Estate of Downs)*, 242 S.W.3d 729 (Mo.App. W.D.2007) (*Downs II*), and *Rutter v. Bugg (Estate of Downs)*, 300 S.W.3d 242 (Mo.App. W.D.2009) (*Downs III*).

Respondent James Rutter was appointed conservator for Laura Downs while she was living. In that capacity, he maintained a discovery of assets action against Appellant Eldon Bugg. The trial court found that Bugg, in his capacity as co-trustee and beneficiary of a trust, was wrongfully in possession of a promissory note, evidencing a $42,000 obligation, that properly belonged to Downs. Bugg appealed, and we affirmed. *Rutter v. Bugg (Estate of Downs)*, 75 S.W.3d 853 (Mo.App. W.D.2002) (*Downs I*).

While the appeal was pending in *Downs I*, Downs died. At that point, the conservatorship ended and it could not enforce the judgment obtained in *Downs I*. The trial court appointed Rutter personal representative to administer the Downs estate ("Estate"). Respondent Jean Goldstein is a lawyer who represented the Estate. The Estate filed a petition, similar to the petition previously filed by the conservator, against Bugg. The trial court entered a judgment ("judgment") in favor of the Estate for $17,573.13, which was the value of the promissory note less certain expenses that Bugg had paid on Downs's behalf. Bugg appealed, and we affirmed. *Downs II*, 242 S.W.3d at 734. We also awarded the Estate its appellate attorneys' fees because Bugg's appeal was frivolous. *Id.*

Bugg never paid the Estate the money he owes it. The Estate filed a motion for contempt and a motion for examination of Bugg's assets. After a hearing, the court determined that Bugg had the financial ability to pay the judgment. The court issued a judgment for civil contempt and an order of commitment, directing the sheriff to confine Bugg in the county jail until he satisfied the judgment. Bugg appealed,[2] and we reversed, holding that the court lacked the authority to hold Bugg in contempt for his failure to pay money to the Estate. *Downs III*, 300 S.W.3d at 246–49.

While *Downs III* was pending, Bugg filed a complaint in the United States District Court for the Western District of Missouri[3] ("the district court") against Rutter, individually[4] and as personal rep-

---

1. When the trial court grants summary judgment, we review the facts in the light most favorable to the party against whom summary judgment was entered. *Derousse v. State Farm Mut. Auto. Ins. Co.*, 298 S.W.3d 891, 893–94 (Mo. banc 2009).

2. Bugg also filed a writ of prohibition in response to the court's finding him in contempt.

3. Bugg also filed two similar state court actions. The court dismissed the first without prejudice, and Bugg dismissed the other voluntarily.

4. It should be noted that neither Rutter nor Goldstein, in their individual capacities, brought the action in *Downs II*, nor did they attempt to enforce the judgment as individuals. Rutter acted in his capacity as administrator of the Estate, and Goldstein was simply the Estate's lawyer. To the extent this opin-

resentative of the Estate, and Goldstein, individually and as counsel for the Estate. Bugg alleged several causes of action under federal law and also alleged the "[c]ommon law torts of abuse of process, breach of fiduciary duty, interference with an inheritance expectancy, and negligence." Bugg also alleged "civil rights conspiracy" and the right to a declaratory judgment.

The alleged facts underpinning Bugg's claims were that Rutter and Goldstein acted improperly in bringing the action in *Downs II* and in attempting to enforce the *Downs II* judgment by seeking the court's order of contempt. Pursuant to Rule 12(b)(6),[5] Rutter and Goldstein filed a motion to dismiss the complaint. The district court granted the motion, dismissing the case "in its entirety" ("the federal judgment"). The federal judgment specifically addressed Bugg's alleged federal causes of action and stated further that "[t]he court has considered [Bugg's] other claims … and finds them to be without merit." *See Bugg v. Rutter*, No. 08–4271–CV–C–WAK, 2009 WL 613584, *4, 2009 U.S. Dist. LEXIS 19516, at *9 (W.D.Mo. Mar. 10, 2009).

Three months later, Bugg filed a petition in the Circuit Court of Cooper County against Rutter, individually and as personal representative of the Estate, and Goldstein, individually and as counsel for the Estate. This is the lawsuit that is the subject of this appeal. The petition alleged abuse of process, breach of fiduciary duty, interference with inheritance expectancy, negligence, and conspiracy. In addition, it sought a declaratory judgment. Once again, the alleged facts underpinning

Bugg's claims were that Rutter and Goldstein acted improperly in bringing the action in *Downs II* and in attempting to enforce the judgment by seeking the court's order of contempt.

Rutter and Goldstein filed a motion for change of venue, which the court granted, transferring the case to the Circuit Court of Boone County. Rutter and Goldstein also filed a motion to dismiss for failure to state a claim and argued that Bugg's claims were barred by the doctrines of *res judicata* and/or collateral estoppel. In support of their motion to dismiss, Rutter and Goldstein attached several exhibits, including a copy of the decision in *Downs II*, a copy of the complaint in Bugg's federal action, and a copy of the federal judgment. The circuit court granted the motion to dismiss. Bugg appeals.

### Standard of Review

■■■ Our review of the circuit court's grant of a motion to dismiss for failure to state a claim is *de novo*. *Coleman v. Mo. Sec'y of State*, 313 S.W.3d 148, 151 (Mo. App. W.D.2010). *De novo* review means that we will consider the merits of the motion to dismiss under the same standard that applied to the circuit court when it considered the issue. *Sigafus v. St. Louis Post–Dispatch, L.L.C.*, 109 S.W.3d 174, 176 (Mo.App. E.D.2003).

When, in conjunction with a motion to dismiss for failure to state a claim, materials outside the pleadings are presented to, and not excluded by, the circuit court, the motion shall be treated as one for summary judgment. Rule 55.27(a).[6] Here, Rutter and Goldstein presented exhibits to

---

ion refers to Rutter or Goldstein taking any legal action in their individual capacities in *Downs I*, *Downs II*, or *Downs III*, the reference is only to Bugg's allegations.

**5.** Citations to Rule 12 are to the Federal Rules of Civil Procedure, 2010.

**6.** Rule citations are to Missouri Supreme Court Rules 2010, unless we specify otherwise.

the court, and the court did not exclude them. Accordingly, Rutter and Goldstein's motion shall be treated as one for summary judgment.

A motion for summary judgment will be granted if the motion, the response, and any other materials show that (1) there is no genuine issue of material fact and (2) the moving party is entitled to judgment as a matter of law. Rule 74.04(c)(6). "Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion." *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We make all reasonable factual inferences in favor of the non-moving party. *Id.* The moving party is entitled to summary judgment provided that the undisputed facts show that it is entitled to judgment as a matter of law. *Id.* at 380. When, as here, the defendants have moved for summary judgment based on an affirmative defense, the defendants must show "that there is no genuine dispute as to the existence of *each* of the facts necessary to support [their] properly-pleaded affirmative defense." *Id.* at 381.

## Legal Analysis

Bugg argues that the circuit court erred in concluding that the doctrine of *res judicata* barred his claims as a matter of law in that the federal judgment did not dispose of his state law claims. We disagree.

In deciding whether a federal judgment precludes a plaintiff from recovering under a petition filed in the state courts of Missouri, we apply the federal law of *res judicata*. *Brown v. Simmons*, 270 S.W.3d 508, 512–13 (Mo.App. S.D.2008) ("[I]n order to determine if Appellant is barred from filing his claim in state court, which was previously dismissed in federal court under Rule 41(b), we must look to federal law."); *Andes v. Paden, Welch, Martin & Albano, P.C.*, 897 S.W.2d 19, 21 (Mo.App. W.D.1995).[7]

"Res judicata applies to prevent repetitive suits involving the same cause of action." *Ripplin Shoals Land Co., LLC v. U.S. Army Corps of Eng'rs*, 440 F.3d 1038, 1042 (8th Cir.2006). The doctrine will bar a second suit if the prior judgment (1) was entered by a court of competent jurisdiction; (2) disposed of the same causes of action involved in the second suit; (3) involved the same parties (or those in privity with them) who are involved in the second suit; and (4) constituted a final judgment on the merits. *Id.* Implicit within these elements is that the plaintiff must have had a full and fair opportunity to litigate the issues in the prior action. *Brown*, 270 S.W.3d at 513 (applying federal law). If these elements are met, the plaintiff in the second suit is barred from raising causes of action that were *or could have been* raised in the first suit. *Ripplin Shoals*, 440 F.3d at 1042.

**1. The district court had jurisdiction to dispose of Bugg's state law claims.**

---

7. We note that, if there were some *substantive* state law that the federal common law would import and apply, *see, e.g., Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 74–75, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), then we would apply that rule when determining whether a federal judgment has claim-preclusive effect. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 509, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001) (holding that a federal judgment did not necessarily have claim-preclusive effect over an action filed in the state court of Maryland because the federal judgment was based on the statute of limitations that applied in California, and California would not necessarily have given such a judgment claim-preclusive effect).

■ A complaint that alleges claims under the United States Constitution and/or other laws of the United States implicates the federal-question jurisdiction of the federal courts. 28 U.S.C. § 1331. Bugg's federal complaint alleged numerous causes of action under the United States Constitution and/or other laws of the United States, and therefore the district court had jurisdiction over those claims.

The federal courts have supplemental jurisdiction over a plaintiff's state law claims if the state claims are a part of the same case or controversy as the plaintiff's federal claims. 28 U.S.C. § 1367. Here, Bugg alleged several state law claims in the federal action. These claims were a part of the same case or controversy as his federal claims because they all shared a "common nucleus of operative fact." *See* *Price v. Wolford*, 608 F.3d 698, 702–03 (10th Cir.2010) (defining the "same case or controversy" language of section 28 U.S.C. § 1367 to require a common nucleus of operative fact). That is, the basis of *all* of Bugg's claims—whether based on federal or state law—was Rutter and Goldstein's alleged misconduct in bringing the action in *Downs II* and in subsequently attempting to enforce the judgment. Thus, it is clear that the district court had supplemental jurisdiction over Bugg's state law claims.

Moreover, the district court had the discretion to *retain* jurisdiction over Bugg's state law claims even after it dismissed all of Bugg's federal claims. Under 28 U.S.C. § 1367(c)(3), a district court *may* decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." However, federal district courts also *may* retain jurisdiction and decide the state law claims on their merits, *see Baker v. Chisom*, 501 F.3d 920, 926 (8th Cir.

2007), which, as explained below, is what the district court did in this case.

**2. The causes of action were the same.**

■ For the purposes of *res judicata*, a cause of action is the same as another if they both allege the same wrongful acts. *Canady v. Allstate Ins. Co.*, 282 F.3d 1005, 1015 (8th Cir.2002). Such is the case irrespective of whether the plaintiff has alleged a new legal theory in the second action. *Id.* at 1015–16. In this case, the causes of action are the same, except that "civil rights conspiracy" in the federal action became simply "conspiracy" here. Nevertheless, the alleged wrongful acts in this case remain the same as those alleged in the federal action: Rutter and Goldstein's alleged misconduct in bringing the action in *Downs II* and subsequently attempting to enforce the judgment obtained in *Downs II*. Accordingly, the "same causes of action" element of *res judicata* is fulfilled. *See id.*

**3. The parties were the same.**

There is no dispute that the parties in the federal action are the same as those present here.

**4. The federal judgment was a final judgment on the merits.**

Rule 41(b) [8] governs involuntary dismissals for failure to prosecute a claim, but it also provides that "[u]nless the dismissal order states otherwise … any dismissal *not* under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." (Emphasis added.)

■ A dismissal for failure to state a claim, *see* Rule 12(b)(6), is an involuntary dismissal "not under this rule" as contem-

---

**8.** Citations to Rule 41 are to the Federal Rules of Civil Procedure, 2010.

plated by Rule 41(b), and therefore it operates as an "adjudication on the merits" unless the court specifies otherwise. *See Paganis v. Blonstein,* 3 F.3d 1067, 1071 (7th Cir.1993). Moreover, it is clear that "[t]he dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" *Federated Dep't Stores v. Moitie,* 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). "A dismissal under Rule 12(b)(6) becomes a final judgment on the merits for res judicata purposes when plaintiff fails to appeal." *Kramer v. Stelter,* 588 F.Supp.2d 862, 869 (N.D.Ill.2008). For the purposes of *res judicata,* "on the merits" means the opposite of "without prejudice." *Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 505, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001). Thus, under the federal law applicable here,[9] unless the court specifies otherwise, a dismissal for failure to state a claim is on the merits and with prejudice. Rule 41(b); *Semtek,* 531 U.S. at 505, 121 S.Ct. 1021; *Moitie,* 452 U.S. at 399 n. 3, 101 S.Ct. 2424.

■■■■ Here, the district court's dismissal of Bugg's complaint was on the merits and with prejudice. The district court dismissed the federal complaint upon Rutter and Goldstein's motion to dismiss for failure to state a claim. *See* Rule 12(b)(6). Bugg contested the motion, and therefore the dismissal was clearly not a "voluntary dismissal" as contemplated by Rule 41(a). Nor did it fall within the exceptions to Rule 41(b): the basis of the dismissal was neither lack of jurisdiction, improper venue, nor failure to join a necessary party. Accordingly, the dismissal was "on the merits," Rule 41(b); *Moitie,* 452 U.S. at 399 n. 3, 101 S.Ct. 2424, which means that it was "with prejudice." *Semtek,* 531 U.S. at 505, 121 S.Ct. 1021.

■■■■ Our inquiry, however, does not end here, for it is the substance of the dismissal—as opposed to whether it was technically with or without prejudice—that governs whether a dismissal should have claim-preclusive effect. *Styskal v. Weld Cnty. Bd. of Cnty. Comm'rs,* 365 F.3d 855, 859 n. 1 (10th Cir.2004) (relying on *Semtek,* 531 U.S. at 501–02, 121 S.Ct. 1021). That is, claim preclusion will ordinarily depend on whether the court ruled on the substance of the plaintiff's claims as opposed to dismissing them based on some procedural bar. *See id.*

Here, the district court ruled on the substance of Bugg's claims. The district court first addressed Bugg's federal causes of action and then stated:

> [t]he court has considered plaintiff's other claims . . . and finds them to be without merit. Thus, for these reasons, and for those set forth in defendants' suggestions,[10] it is ORDERED that defendants' motion [to dismiss] is granted and this case is dismissed in its entirety.

Having already dismissed Bugg's alleged federal causes of action, the district court could only have meant Bugg's state law claims when it referred to the "other claims" (Bugg does not dispute this point). That the court found the state law claims

---

9. Bugg argues that Rule 67.03 of the Missouri Supreme Court Rules provides to the contrary, but, as noted, federal law applies here. *Brown,* 270 S.W.3d at 512. We also note Rule 67.03 is a procedural rule—not a substantive one that federal law would import from state law. *Cf. Semtek,* 531 U.S. at 509, 121 S.Ct. 1021 (importing California's substantive law for *res judicata* purposes).

10. Bugg did not deposit the referenced suggestions in this court, and we will accordingly assume that the information contained in them does not aid Bugg's appeal. Rule 81.16(c).

to be "without merit" suggests that the district court was ruling on their substance. The court's failure to cite any procedural bar to Bugg's state law claims further suggests that its dismissal was merits-based. Accordingly, we hold that the district court dismissed Bugg's state law claims because they are substantively without merit.

Given that the district court dismissed Bugg's state law claims on their merits and with prejudice, and given further that the district court did so based on the substance of Bugg's claims, as opposed to some procedural bar, the dismissal was a final judgment on the merits for the purposes of *res judicata. Ripplin Shoals*, 440 F.3d at 1042; *Styskal*, 365 F.3d at 859 n. 1.

■ Citing *Labickas v. Arkansas State University*, 78 F.3d 333 (8th Cir.1996), Bugg argues that the district court did not dispose of his claims because federal district courts *ordinarily* will decline to exercise supplemental jurisdiction over state law claims once federal claims have been dismissed. However, as explained above, that is not what the district court did here: it "considered" Bugg's state law claims, found them to be "without merit," and then dismissed them "in [their] entirety." Moreover, *Labickas* is not relevant to the issue here because it concerned whether the court's discretion in exercising supplemental jurisdiction over state law claims was *abused*, not whether it was *exercised*. 78 F.3d at 334–35 (modifying a dismissal "with prejudice" to be a dismissal "without prejudice").[11] As noted above, a district court's decision to exercise supplemental jurisdiction over state law claims is not, *ipso facto*, an abuse of discretion. *See Baker*, 501 F.3d at 926 (affirming district

court's judgment deciding supplemental state law claims on their merits). And, in any case, it is not for this court to decide whether the district court abused its discretion: Bugg had a right to appeal the district court's judgment, but he forwent it.

■ Bugg also argues that, because the district court referenced his state law remedies when it dismissed his federal causes of action, the district court did not intend to dismiss his state law claims on their merits. The district court made that reference in connection with finding that Bugg's due process rights under the Fourteenth Amendment to the United States Constitution had not been violated. The court based its decision on Bugg's failure to allege that he had been denied an opportunity to be heard on his claimed entitlement to the promissory note and to a share of the Estate. The court stated:

> Even if defendants Rutter and Goldstein were state actors [which the court found them not to be] ... the facts show plaintiff had an opportunity to be heard in the state court proceedings and that the state judicial system provides him with an adequate state remedy to redress his property claims.

We agree with the district court that the state courts of Missouri have given Bugg ample opportunity to be heard on his alleged entitlement to the promissory note and a share of the Estate. Further, we do not interpret the court's statement as evidence that Bugg's federal due process claim was dismissed based on the assumption that Bugg would be able to raise that claim in another state court action. The district court's stated reason for dismiss-

---

11. Moreover, in the wake of *Semtek*, 531 U.S. at 501–02, 121 S.Ct. 1021, it is clear that the nomenclature of "with prejudice" or "without prejudice" is not decisive: the issue is wheth-

er the court dismissed the plaintiff's claims for a substantive, rather than procedural, reason. *See Styskal*, 365 F.3d at 859 n. 1.

ing Bugg's federal due process claim does not contradict its stated intention to consider and dismiss Bugg's state law claims on their merits.

### 5. Bugg had a full and fair opportunity to litigate his claims.

 For the purposes of *res judicata,* " 'as long as a prior federal court judgment is procured in a manner that satisfies due process concerns, the requisite "full and fair opportunity" existed.' " *Pactiv Corp. v. Dow Chem. Co.,* 449 F.3d 1227, 1233 (Fed.Cir.2006) (quoting *Mass. Sch. of Law v. Am. Bar Ass'n,* 142 F.3d 26, 39 (1st Cir.1998)). Here, Bugg has not alleged that the federal action violated due process, nor would the record support such an allegation. Bugg had ample opportunity to brief and argue against Rutter and Goldstein's motion to dismiss, and he did so. Accordingly, we hold that Bugg had a full and fair opportunity to litigate his claims.

### Conclusion

The district court considered Bugg's state law claims and then dismissed them "in [their] entirety" because they were "without merit." The other elements of *res judicata*—jurisdiction, same parties, same claims, and a full and fair opportunity to litigate—are met here. Accordingly, we affirm the trial court's dismissal of Bugg's petition.[12]

JAMES EDWARD WELSH, Judge, and MARK D. PFEIFFER, Judge, concur.

---

12. Due to the complexity of the *res judicata* issue, Rutter and Goldstein's motion for sanctions is hereby denied. However, Bugg is cautioned against bringing these claims (or others that could have been raised here) again.