NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ADRIENNE JENSEN,

Plaintiff-Appellant,

v.

UNITED STATES TENNIS
ASSOCIATION,

Defendant-Appellee.

No. 23-15757

D.C. No. 2:22-cv-01905-DJH

MEMORANDUM*

ADRIENNE JENSEN,

Plaintiff-Appellee,

v.

UNITED STATES TENNIS
ASSOCIATION,

Defendant-Appellant.

No. 23-15799

D.C. No. 2:22-cv-01905-DJH

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted August 13, 2024
San Francisco, California

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GRABER, CALLAHAN, and KOH, Circuit Judges.

Plaintiff Adrienne Jensen ("Jensen") was sexually abused as a minor by her tennis coach who was a member of the U.S. Tennis Association ("USTA"). The coach began abusing Jensen in May 2010 when she was 15 years old, and abused her on multiple occasions while the two trained and travelled together for tennis tournaments in Nevada, Alabama, Missouri, Kansas, and Arizona.

In June 2020, Jensen sued USTA in Missouri state court for negligence. USTA removed the case to federal court in Missouri and transferred venue to the federal District of Kansas with Jensen's consent. Applying Missouri state law, *see Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964), the district court granted summary judgment in favor of USTA, holding that Jensen's suit was barred by the applicable statute of limitations. The court entered judgment in May 2022, and Jensen did not appeal.

In September 2022, Jensen filed another lawsuit against USTA, this time in Arizona state court. Jensen alleged the same negligence cause of action, which is not time-barred under Arizona's statute of limitations. USTA removed the case to the federal District of Arizona and moved to dismiss Jensen's complaint on the ground that her claim was barred by the doctrine of res judicata ("claim preclusion"). The district court granted USTA's motion. In the court's view, under Missouri law, the dismissal of an action based upon the running of the

statute of limitations is a final adjudication "on the merits" for purposes of res judicata, so dismissal of Jensen's first lawsuit had claim-preclusive effect in Arizona. Jensen timely appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing de novo, *Harper v. Nedd*, 71 F.4th 1181, 1184 (9th Cir. 2023), we reverse and remand.

As an initial matter, the district court correctly looked to Missouri law to determine whether dismissal of Jensen's first lawsuit precludes the instant action. *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508–09 (2001); *Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F.3d 1241, 1244 (9th Cir. 2017). Under Missouri law, claim preclusion applies "when four identities are present: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) and identity of the quality of the person for or against whom the claim is made." *Roy v. MBW Constr., Inc.*, 489 S.W.3d 299, 304 (Mo. Ct. App. 2016). If these four identities are met, and the prior litigation resulted in a final judgment "on the merits," then subsequent litigation of the same claim is precluded. *Lauber-Clayton, LLC v. Novus Props. Co.*, 407 S.W.3d 612, 618 n.7 (Mo. Ct. App. 2013).

We agree with the district court that the four "identities" are met between Jensen's first and second lawsuits. Accordingly, the central question on appeal is

whether dismissal of Jensen's first lawsuit constituted an adjudication "on the merits" such that it precludes her second lawsuit in another jurisdiction.

The Supreme Court in *Semtek* explained that the "traditional rule" for claim preclusion is that "expiration of the applicable statute of limitations merely bars the remedy and does not extinguish the substantive right, so that dismissal on that ground does not have claim-preclusive effect in other jurisdictions with longer, unexpired limitations periods." 531 U.S. at 504. This rule, which is "as old as the Republic," does not treat statutes of limitations as "substantive provisions . . . but rather as procedural restrictions fashioned by each jurisdiction for its *own* courts." *Sun Oil Co. v. Wortman*, 486 U.S. 717, 725–26, 730 (1988) (emphasis added). The rule thus contemplates statutes of limitations as effectuating a state's "interest in regulating the work load of its courts" and the state's "legislative jurisdiction to control the remedies available in its courts." *Id.* at 730. Under the rule, states do not enforce their own statutes of limitations extraterritorially, so a statute of limitations dismissal "simply means that the cause of action cannot be heard in the jurisdiction of dismissal . . . . [I]t says nothing about a suit in the second jurisdiction." *Reinke v. Boden*, 45 F.3d 166, 169–70 (7th Cir. 1995).

By holding that dismissal of Jensen's first lawsuit in Missouri[1] precludes Jensen's second lawsuit in Arizona, the district court effectively concluded that Missouri does not follow the "traditional rule" discussed in *Semtek*. This was a mistake. Federal courts sitting in diversity must "proceed with caution" when making pronouncements about state law, *Salinero v. Johnson & Johnson*, 995 F.3d 959, 969 (11th Cir. 2021) (quoting *Lexington Ins. Co. v. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1092 (7th Cir. 1999)), and are in a "particularly poor position" to endorse a "policy innovation" in a state's law absent an "authoritative signal from the legislature or the courts" of that state, *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 578 (6th Cir. 2004) (quoting *Dayton v. Peck, Stow & Wilcox Co.*, 739 F.2d 690, 694 (1st Cir. 1984)). Thus, to hold that Missouri abandoned the traditional rule governing statutes of limitations, we would need "potent evidence" showing this was the intent of Missouri's courts and legislature. *Rick v. Wyeth, Inc.*, 662 F.3d 1067, 1070 (8th Cir. 2011); *see Jeanty v. Big Bubba's Bail Bonds*, 72 F.4th 116, 120 (5th Cir. 2023) ("It is well-settled that federal courts sitting in diversity should

---

[1] While the parties did not physically litigate "in Missouri," the transferee district (here, the District of Kansas) was "obligated to apply the state law that would have been applied if there had been no change of venue." *Van Dusen*, 376 U.S. at 639; *see Ravelo Monegro v. Rosa*, 211 F.3d 509, 513 n.3 (9th Cir. 2000) (noting that a transfer of venue under 28 U.S.C. § 1404(a) "results in a change of courtrooms, not a change of law").

be slow to expand state law in the absence of any indication of intent by the state courts or legislature.").  We believe that such "potent evidence" is missing.

The district court reached its conclusion by relying on Missouri appellate court decisions stating that the dismissal of an action based upon the running of the statute of limitations "is a final adjudication on the merits for purposes of res judicata."  *See, e.g.*, *Snelling v. Kenny*, 491 S.W.3d 606, 615 (Mo. Ct. App. 2016) (internal citation and quotation omitted).  Implicit in the court's reasoning was the premise that all judgments denominated "on the merits" are entitled to claim-preclusive effect, but "[t]hat premise is not necessarily valid."  *Semtek*, 531 U.S. at 501.  For instance, the Missouri decisions cited by the district court precluded a subsequent lawsuit *in Missouri* but said nothing about precluding a subsequent lawsuit in another jurisdiction.  The district court's conclusion thus failed to appreciate how "over the years the meaning of the term 'judgment on the merits' has gradually undergone change" such that it may apply to judgments "that do *not* pass upon the substantive merits of a claim," and thereby does not have claim-preclusive effect in other jurisdictions.  *Id.* at 502 (internal citation and quotation omitted).  Indeed, the Missouri Supreme Court has explained that a judgment may be "on the merits to the extent that it will bar the plaintiff from maintaining a further action in [Missouri], but it is not on the merits so far as actions in other States are concerned."  *Healy v. Atchison, Topeka & Santa Fe R.R.*, 287 S.W.2d

6

813, 815 (Mo. 1956) (internal citation omitted); *see also Muza v. Mo. Dep't of Soc. Servs.*, 769 S.W.2d 168, 174 (Mo. Ct. App. 1989) ("In the traditional statement of the principle, a judgment is on the merits when it determines the rights and liabilities of the parties based on rules of substantive law rather than on rules of procedure.").

It follows that Missouri decisions denominating statute of limitations dismissals as being "on the merits" do not extinguish the plaintiff's substantive claim in all jurisdictions. *See Healy*, 287 S.W. 2d at 815 ("[T]he judgment is conclusive against plaintiffs even though it was not conclusive on the merits of the cause of action or their right to maintain the action elsewhere."). Instead, it appears that the opposite is true. Missouri "considers statutes of limitations issues procedural," *Alvarado v. H&R Block, Inc.*, 24 S.W.3d 236, 241 (Mo. Ct. App. 2000), which is consistent with the "traditional rule." Missouri courts also distinguish between dismissals "on the merits" that have claim-preclusive effect, and those that do not. For example, in *Bugg v. Rutter*, 330 S.W.3d 148, 155 (Mo. Ct. App. 2010), the court held a prior dismissal was "on the merits," and then said:

> Our inquiry, however, does not end here, for it is the substance of the dismissal—as opposed to whether it was technically with or without prejudice—that governs whether a dismissal should have claim-preclusive effect. That is, claim preclusion will ordinarily depend on whether the court ruled on the substance of the plaintiff's claims as opposed to dismissing them based on some procedural bar.

*Id.* (internal citations omitted). We further note that "Missouri cases discussing claim preclusion generally follow the Restatement of Judgments," *Kesterson v. State Farm Fire & Cas. Co.*, 242 S.W.3d 712, 717 (Mo. 2008) (en banc), and the Restatement follows the traditional rule insofar it is "concerned primarily with the effect of a judgment in the state in which it is rendered," Restatement (Second) Judgments § 19, cmt. f.

Ultimately, as a federal court sitting in diversity, we must be cautious about pushing state law "to new frontiers," *Nicolaci v. Anapol*, 387 F.3d 21, 27 (1st Cir. 2004), especially where our decision "would be to broaden the [state's] law beyond the point where any other court has yet ventured," *W.A. Wright, Inc. v. KDI Sylvan Pools, Inc.*, 746 F.2d 215, 218 (3d Cir. 1984). Not one Missouri court has held that dismissing a claim in Missouri state court on statute of limitations grounds precludes asserting the claim in another state with "longer, unexpired limitations periods." *Semtek*, 531 U.S. at 504. Holding that Missouri has abandoned the traditional rule would therefore "broaden the law" in Missouri. We decline to do so.

**REVERSED AND REMANDED.**[2]

---

[2] The district court denied USTA's motion to transfer venue as moot because it dismissed Jensen's lawsuit with prejudice. Because we reverse the dismissal of Jensen's lawsuit, USTA's motion to transfer venue is no longer moot.